JOHN H. MILLER vs. CHARLES E. MILLER.

November 12, 1888.

Summons — Service in Ramsey County — Repeal of Statute. — When Sp. Laws 1877, c. 185, § 2, providing that summons to be served in Ramsey county shall be served by the sheriff, was repealed by Sp. Laws 1881, c. 371, the provisions of the general law on the subject (Gen. St. 1878, c. 66, § 56,) took effect in that county.

Appeal by defendant from an order of the district court for Ramsey county, *Brill*, J., presiding, denying his motion to set aside the service of the summons. The ground of the motion was that the service was made by a person other than the sheriff or his deputy.

*Chas. N. Bell*, for appellant.

*Geo. E. Budd*, for respondent.

GILFILLAN, C. J.    Section 47, chapter 66, Gen. St. 1866, provided that service of a summons in an action in the district court may be made by the sheriff of the county where the defendant is found, or by any other person not a party to the action. This is section 56, chapter 66, Gen. St. 1878. By section 2, chapter 185, Sp. Laws 1877, it was enacted that summons to be served in the county of Ramsey shall be served by the sheriff of said county, or one of his

deputies, etc. Chapter 371, Sp. Laws 1881, repealed said chapter 185. Defendant thereupon contends that section 2 of the act of 1877 repealed, so far as Ramsey county was concerned, so much of said section 47 as allowed the service of summons in Ramsey county by any person other than the sheriff; and that according to section 3, chapter 4, Gen. St. 1866, the repeal of chapter 185 did not in that respect revive said section 47. Said section 3, chapter 4, read: "Whenever a law is repealed which repealed a former law, the former law shall not thereby be revived, unless it is so specially provided." We doubt that this applies to repeals by implication, or those effected by the provisions of an act being inconsistent with some provision of a former act. But, however this may be, we are satisfied it does not apply to a case like this. Section 47 established a general rule, intended to be uniform and operative throughout the state. The act of 1877 established a different rule for Ramsey county,—excepted that county from the general rule. When the act excepting it was repealed, that county came under the operation of the general rule established for the whole state. This must have been the understanding of the legislature; for if summons must still be served in Ramsey county by the sheriff, as defendant contends, then nothing whatever was effected by the repeal of section 2, chapter 185. The proposition leads to this result: that while, for the rest of the state, there is a statute prescribing who may serve summons, there is no such statute operative in Ramsey county,—a result which the legislature could not have intended.

Order affirmed.