(No. 14635.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE WOMAN'S HOME MISSIONARY SOCIETY OF THE METHODIST EPISCOPAL CHURCH, Appellant.

*Opinion filed June 21, 1922.*

1. CORPORATIONS—*statutes granting privileges or immunities do not ordinarily apply to foreign corporations.* Statutes granting powers, privileges or immunities to corporations apply only to domestic corporations unless the intent of an application to foreign corporations is clearly expressed.

2. SAME—*corporation is not a citizen within meaning of Federal constitution.* A corporation is not a citizen entitled to the equal protection of the laws within the meaning of section 2 of article 4 of the Federal constitution and of section 1 of the fourteenth amendment.

3. SAME—*foreign corporations cannot claim the privileges of a domestic corporation.* The State may prescribe the conditions upon which foreign corporations may transact business within the State and may assess a business or privilege tax in addition to the regular taxes assessed against property; and foreign corporations can not claim the same privileges as domestic corporations, nor is the State bound to give its exemption privileges on taxation to foreign corporations.

4. INHERITANCE TAX—*charitable corporation of another State is not exempt.* In the absence of an express provision of the statute a charitable corporation organized in another State but having an office in Illinois is not entitled to an exemption from the payment of an inheritance tax on its succession to property by a provision in a will under section 28 of the Inheritance Tax act.

5. TAXES—*exemption statutes are strictly construed.* Statutes exempting property from taxation are to be construed strictly.

APPEAL from the County Court of Cook county; the Hon. F. S. RIGHEIMER, Judge, presiding. .

WILLIAM C. RIGBY, and URBAN A. LAVERY, (M. C. SLUTES, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, LEROY MILLNER, and A. M. EBERHARDT, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Adele Edwards, a resident of Evanston, Illinois, died testate January 16, 1914. Under the fifth clause of her will she devised and bequeathed the residue of her estate to the Woman's Home Missionary Society of the Methodist Episcopal Church. The residue was appraised at $11,109.53, and upon petition of the State the county court of Cook county held that the devise and bequest were subject to an inheritance tax and fixed the amount of the tax at $443.38, and judgment was entered against the society for that amount. This appeal followed.

The Woman's Home Missionary Society of the Methodist Episcopal Church, appellant, is a charitable and benevolent society organized and incorporated under the laws of the State of Ohio. It has for many years maintained an office in the city of Chicago and still maintains such office. It has owned for many years, and still owns, maintains and conducts, orphanages and deaconess' homes for charitable purposes within this State. It collects money for its charitable purposes throughout the United States and expends such money solely for its charitable purposes throughout the several States of the Union and the possessions of the United States, and it expends a fair portion of its income upon its charitable institutions in the State of Illinois.

The county court held that as appellant is a foreign corporation it is not exempt from taxation under the Inheritance Tax law of this State, and the sole question on this

appeal is whether or not the appellant, a benevolent and charitable organization organized in the State of Ohio, is exempt from payment of such tax under the law of this State. To be exempt from payment of this tax appellant must come within section 28 of the Inheritance Tax law, which is an amendatory act of 1901, adopted for the purpose of relieving certain devises and bequests or gifts from the operation of the original act of 1895. The amendatory act reads as follows: "When the beneficial interests of any property or income therefrom shall pass to or for the use of any hospital, religious, educational, bible, missionary, tract, scientific, benevolent or charitable purpose, or to any trustee, bishop or minister of any church or religious denomination, held and used exclusively for the religious, educational or charitable uses and purposes of such church or religious denomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax, but this provision shall not apply to any corporation which has the right to make dividends or distribute profits or assets among its members." (Hurd's Stat. 1921, p. 2745.)

There is no question that the appellant is a benevolent and charitable corporation and that all the funds received by it are expended for benevolent and charitable purposes, as aforesaid. If it were a corporation of this State there could be no doubt as to its right of exemption from said tax. The amendatory act contains no language that indicates that it was the legislative intent that its provisions should apply to corporations created under the laws of another State of the United States. The rule of construction accepted by this court is, that an act of the legislature granting powers, privileges or immunities to corporations must be held to apply only to corporations created under the authority of this State and over which this State has the power of visitation and control, unless the intent that the act shall apply to other than domestic corporations is plainly

expressed in the terms of the act. (*In re Estate of Speed,* 216 Ill. 23; *People* v. *Western Seaman's Friend Society,* 87 id. 246; *Balleis' Estate,* 144 N. Y. 132; *In re Prime's Estate,* 136 id. 347; *Humphreys* v. *State,* 70 Ohio St. 67; DosPassos on Inheritance Tax Laws,—2d ed.—sec. 36.) Under these authorities it is clear that appellant is not exempt from the payment of an inheritance tax on its succession to the property under the will. The rule is, also, that exemption statutes of taxation are to be construed strictly.

It is contended by appellant that the fact that it has an office in this State and owns, maintains and conducts orphanages and deaconess' homes for charitable purposes within this State, distinguishes this case from the *Speed case, supra.* It was expressly stated in *People* v. *Western Seaman's Friend Society, supra,* that such facts would make no difference in the decision of such a case. Appellant being organized under another State, its organization and its business are controlled by the laws of that State. It placed itself within the jurisdiction of the State within which it was organized, and it is therefore not a person that has placed itself within the jurisdiction of this State. A corporation is not a citizen within the meaning of section 2 of article 4 and of section 1 of the fourteenth amendment of the Federal constitution. The taxing, therefore, of the right of succession to property willed to appellant in this case is not abridging the privileges or immunities of a citizen of the United States, and as it has not placed itself within the jurisdiction of this State, such taxation is not denying to any person within the jurisdiction of this State the equal protection of the law. (*In re Estate of Speed, supra.*) "A corporation exists only by virtue of the law creating it and has no existence beyond the boundaries of the State where such law has force. It cannot exercise any rights or privileges in a foreign jurisdiction unless permitted to do so by express or implied permission of the foreign State, and it is on the principle of comity that States per-

mit corporations of other States to act within their boundaries." *Barnes* v. *People,* 168 Ill. 425.

This court has often held that this State may prescribe the conditions upon which corporations can come into this State and transact business, and even assess a tax against them on their business or the amount of the business they transact, as a business or privilege tax in addition to the regular taxes assessed against their property. There is no constitutional provision that declares against such taxation, even though such business or privilege tax is not taxed against the same kinds of corporations organized in this State, and section 28*a,* 56, of our Incorporation act does not prohibit such practice. Foreign corporations cannot, therefore, claim the same privileges in their demands to transact business in this State as domestic corporations, and it has ever been held that a State may contract with them or charge them for the privilege of transacting their business within its borders. It is equally clear that a State is not bound to give its exemption privileges on taxation to foreign corporations, and foreign corporations can claim no such exemption unless the statute plainly and expressly grants it.

The argument of appellant is not tenable that such taxation of it is prohibited by sections 1 and 2 of article 9 of the constitution of this State. The same argument was apparently made in the *Spced case, supra,* and the same holding was made there. There are other States, notably Louisiana and California, that have made different holdings upon statutes similar to this one of ours. We have great respect for those courts, but the holdings of New York and Ohio courts are more persuasive and are in accord with the previous holdings of this court, and we see no reason for changing our former holdings.

The judgment of the county court is affirmed.

*Judgment affirmed.*