(No. 18225.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
FRANK A. O'DONNELL, Exr., Appellant.

*Opinion filed October 22, 1927—Rehearing denied Dec. 8, 1927.*

1. INHERITANCE TAX—*gifts to charities outside State are not exempt under section 28 of Inheritance Tax act.* Whether a gift to charity is given in trust to a corporation or to a natural person, where the beneficiaries are non-residents of Illinois and the property is to be expended outside the State, there is no exemption under section 28 of the Inheritance Tax act, no matter where the trustee resides; and such construction does not violate section 2 of article 4 of the Federal constitution, as the right to succeed to property is not a privilege of a citizen of the United States but is a matter reserved to the several States.

2. SAME—*what constitutes equal protection of law in matter of taxation.* Equal protection of the law requires equal operation of the law upon all persons in like circumstances, and, where reasonable classifications are made for the purposes of taxation, no constitutional right is violated merely because there may be some inequities in the administration of the law.

APPEAL from the County Court of Cook county; the Hon. I. L. WEAVER, Judge, presiding.

L. E. SAUTER, for appellant.

OSCAR E. CARLSTROM, Attorney General, HARRY A. ASH, and JOSEPH ROLNICK, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The question presented for decision in this case is the construction to be placed on section 28 of the act to tax gifts, legacies, etc., the pertinent provisions of which are: "When the beneficial interests of any property or income therefrom shall pass * * * to any trustee, bishop or minister of any church or religious denomination, [to be] held and used exclusively for the religious, educational or charitable uses and purposes of such church or religious de-

nomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax." (Smith's Stat. 1923, p. 1776.)

Patrick D. Gill, a resident of Chicago, died testate January 4, 1924. By his will, which was admitted to record by the probate court of Cook county, he bequeathed to the Catholic bishop of the diocese of Nashville, Tennessee, $10,000 for the purpose of educating young men for the priesthood in said diocese, and to the respective bishops of the dioceses of Mobile, Alabama, Natchez, Mississippi, Oklahoma City, Oklahoma, Corpus Christi, Texas, and San Antonio, Texas, the sum of $5000 each for the purpose of educating young men for the priesthood in their respective dioceses. By the ninth clause of the will $500 is bequeathed to the Catholic bishop of the diocese of Mobile, Alabama, as an offering for the saying of masses for the repose of the soul of the testator. On the hearing of the tax proceeding it was stipulated that the persons holding the position of bishop of the respective dioceses named in the will are natural persons and citizens of the United States and of the respective States in which they reside. The county court held that the bequests were for religious and charitable uses outside the State of Illinois and were not exempt from the payment of transfer taxes under the laws of this State. Judgment was entered in the amount of $3408.08, and this appeal followed.

There is nothing in section 28, or any other section of the act under consideration, which indicates that the citizenship or the residence of the trustee is material in determining whether the bequest to him is exempt from a transfer tax, but it cannot be said that the place where the charity is to be bestowed is immaterial in determining the question of exemption. The act is purely a revenue-producing measure, and it is not to be assumed that the legislature surrendered the revenue of the State without some compensation. The theory of exempting from taxation property

devoted to religious, educational and charitable uses is that the beneficences bestowed relieve the State of burdens which it would otherwise be obliged to carry. Where the property, or the income from it, is devoted to such religious, educational or charitable uses within the State, the State is compensated for its loss of revenue by its relief from the burden which would otherwise fall upon it and which it would have to meet by appropriations from the public funds, but where the property, or the income therefrom, is devoted to such uses outside the State nothing is received by the State in return for its loss of revenue. The basic principle of all statutory construction is the legislative intent, and in this case it must be presumed that the legislature, in passing this law and making the exemption under section 28, had in mind property, and income therefrom, devoted to religious, educational and charitable uses within the State. It is certainly not to be assumed that the legislature was legislating for the benefit of persons outside its territorial jurisdiction. Having in mind the purpose of the legislation and the fundamental principle that a statute is *prima facie* operative only as to persons and things within the territorial jurisdiction of the law-making power which enacts it, we hold that the bequests under the will before us are not exempt from tax.

Our conclusion in this regard is sustained by eminent authority. The Court of Appeals of New York in the case of *In re Prime's Estate,* 136 N. Y. 347, 32 N. E. 1091, says: "It is the policy of society to encourage benevolence and charity, but it is not the proper function of a State to go outside of its own limits and devote its resources to support the cause of religion, education or missions for the benefit of mankind at large." The Supreme Court of Missouri said in *In re Quirk,* 165 S. W. 1062, 51 L. R. A. (n. s.) 817: "Presumptively the law-makers in this case were looking after the interests of Missouri and not legislating for charities in other States; and especially is this so

when they were unloosing our own purse strings by this exemption clause. It means, if given the construction urged by the respondent, that a Missouri law-making body was releasing its hold upon a source of revenue for charities outside of the State. To give it that construction would, in effect, be to say that the law-making body was taking Missouri money to support foreign charities." In *Carter* v. *Whitcomb,* 74 N. H. 482, 17 L. R. A. (n. s.) 733, the Supreme Court of New Hampshire said: "The State is not itself a charitable institution, and does not authorize its representatives to expend the public money, by exemptions from taxation or otherwise, for purposes having little or no relation to the welfare of the inhabitants of the State. The purpose of such laws is the acquisition of some supposed public advantage. If it is impossible to see how the public good of the State is promoted by a claimed exemption from the tax burden, it cannot be inferred that the legislature intended such a result from language which does not necessarily require such a construction." In *Morgan* v. *Atchison, Topeka and Santa Fe Railway Co.* 116 Kan. 175, 225 Pac. 1029, the Supreme Court of Kansas says: "Taxes must be raised for the support and conduct of the government. Exemption to charitable, educational and religious organizations is bottomed upon the fact that they render service to the State, for which reason they are relieved of certain burdens of taxation. The effect of an exemption is equivalent to an appropriation. It cannot be said to have been the intent of the legislature to make appropriation for the benefit or maintenance of foreign charities which, at best, have a remote chance only of benefiting the citizens of this State." To the same effect are the decisions in *Minot* v. *Winthrop,* 162 Mass. 113, 38 N. E. 512, and *In re Hickok's Estate,* 78 Vt. 259, 62 Atl. 724. This court has held that the exemption given by section 28 does not extend to foreign corporations to which gifts have been made to be devoted to religious, educational or charitable

uses outside the State. (*People* v. *Missionary Society,* 303 Ill. 418; *In re Estate of Speed,* 216 id. 23.) The result is exactly the same whether the property is given in trust to a corporation or to a natural person to be expended outside the State, and, while the reason assigned for the holding in those cases is not the same as that which we have assigned in this case, the cases are authority for the proposition that the legislature did not intend by section 28 to exempt gifts to charities where the beneficiaries of the charities are non-residents of Illinois.

Appellant's contention that our construction of section 28 conflicts with section 2 of article 4 of the constitution of the United States, which provides that "the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States," and the fourteenth amendment to the same constitution, which provides that "no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States," is based upon a false premise. The subject of the tax in question is the privilege to succeed to property, which is a subject matter reserved to the several States. It is not a privilege or immunity of a citizen of the United States within the meaning of the fourteenth amendment, (*Maxwell* v. *Bugbee,* 250 U. S. 525, 40 Sup. Ct. 2,) nor does section 2 of article 4, quoted above, take from the several States the power to regulate the right to succession to property. (*Ferry* v. *Spokane, Portland and Seattle Railway Co.* 258 U. S. 314, 42 Sup. Ct. 358.) Under the construction we have placed on section 28 there is no discrimination based on diversity of citizenship. Wherever the trustee resides and of whatever State he is a citizen, if the gift to him is in trust, to be expended by him for religious, educational or charitable purposes outside the State of Illinois, he is not exempt from the transfer tax. "It cannot be said that if a State exempt property bequeathed for charitable or educational purposes from taxation it is unreasonable

or arbitrary to require the charity to be exercised or the education to be bestowed within her borders and for her people, whether exercised through persons or corporations." (*Board of Education* v. *Illinois,* 203 U. S. 553, 27 Sup. Ct. 171.) Equal protection of the law requires equal operation of the law upon all persons in like circumstances, and, where reasonable classifications are made for purposes of taxation, no constitutional right is violated merely because there may be some inequities in the administration of the law. *Stebbins* v. *Riley,* 268 U. S. 137, 45 Sup. Ct. 424; *Magoun* v. *Illinois Trust and Savings Bank,* 170 U. S. 283, 18 Sup. Ct. 594.

The county court correctly construed the statute applicable to the case presented, and its judgment is affirmed.

*Judgment affirmed.*