(No. 16798.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE
ILLINOIS MERCHANTS TRUST COMPANY, Exr., Appellant.

*Opinion filed December 21, 1927.*

1. STATUTES—*statute should be construed as a whole.* In order
to ascertain the legislative intent, the statute, and each and every
part of it, should be construed as a whole in the light of the gen-
eral purpose and object of the act.

2. SAME—*language of statute may be modified to conform to
legislative intent.* As the primary object of statutory construction
is to ascertain the legislative intent, in construing a statute words
may be modified, altered, omitted or supplied so as to obviate any
repugnancy or inconsistency with the legislative intent.

3. INHERITANCE TAX—*gift for particular purpose is taxable un-
der section 1 if not exempt by section 28.* A gift for a specified
purpose, if not exempted by section 28, is taxable under section 1
of the Inheritance Tax act even though the beneficial interest does
not go to any existing institution or corporation, and it cannot be
held that it was the legislative intent to tax transfers only "to
persons, institutions or corporations" and that a transfer to a gen-
eral object or purpose without a corporate existence was not meant
to be taxed, as no such distinction is made in the statute but the
evident intention is to tax all such transfers if not expressly ex-
empted by section 28.

4. SAME—*only domestic charities are exempt from tax under
section 28.* Following the universal rule of construction that an
exemption or immunity applies only to domestic institutions or cor-
porations unless expressly made to apply to others, the exemption
in section 28 of the Inheritance Tax act of transfers to certain
charities cannot be applied to a transfer to a charitable purpose
or use outside the State, and such construction does not violate
either the State or Federal constitution.

APPEAL from the County Court of Cook county; the
Hon. I. L. WEAVER, Judge, presiding.

McCULLOCH & McCULLOCH, (HUGH W. McCULLOCH,
of counsel,) for appellant.

OSCAR E. CARLSTROM, Attorney General, HARRY A. ASH, and JOSEPH ROLNICK, for the People.

Mr. COMMISSIONER PARTLOW reported this opinion:

Paragraph 11 of the will of Annie E. Wisner, deceased, directed her executor to cause to be incorporated the Albert Wisner Memorial Library under the laws of the State of New York for the construction and equipment of a public library at Warwick, New York, to be known as the Albert Wisner Memorial Library, as a memorial to her husband. One hundred thousand dollars was given and bequeathed to the corporation, out of which not to exceed $50,000 was to be expended for the construction and equipment of the library building. The difference between $100,000 and the cost of the building and equipment was to be set aside by the corporation as a perpetual endowment fund for the library. If the testatrix had made any expenditures for any of these purposes during her lifetime they were to be deducted. At the time of the death of the testatrix no corporation was organized known as the Albert Wisner Memorial Library nor has any such corporation since that time been organized. The county court of Cook county assessed an inheritance tax of $13,584 upon this transfer, and an appeal has been prosecuted to this court.

Section 1 of the Inheritance Tax law of this State (Smith's Stat. 1927, p. 2323,) is as follows: "A tax shall be and is hereby imposed upon the transfer of any property, real, personal, or mixed, or of any interest therein or income therefrom, in trust or otherwise, to persons, institutions or corporations, not hereinafter exempted, in the following cases." Then follows a list of cases where the tax is to be imposed. Section 28 is as follows: "When the beneficial interest of any property or income therefrom shall pass to or for the use of any hospital, religious, edu-

cational, bible, missionary, tract, scientific, benevolent or charitable purpose, or to any trustee, bishop or minister of any church or religious denomination, held and used exclusively for the religious, educational or charitable uses and purposes of such church or religious denomination, institution or corporation, by grant, gift, bequest or otherwise, the same shall not be subject to any such duty or tax, but this provision shall not apply to any corporation which has the right to make dividends or distribute profits or assets among its members."

Appellant contends that the tax under section 1 is imposed only where the transfer is of a beneficial interest to a person, institution or corporation, and not upon a transfer of title without a beneficial interest; that there was no person, institution or corporation in existence when the transfer in this case was made, to take a beneficial interest; that the legal title was transferred to the executor in trust for charitable purposes but the executor took no beneficial interest, therefore the transfer was not subject to the tax under section 1. In order to correctly determine this contention it will be necessary to consider section 1 in connection with section 28.

The primary object of statutory construction is to ascertain the legislative intent. In order to ascertain this intent, the statute, and each and every part of it, should be construed as a whole, in the light of the general purpose and object of the act. Words may be modified, altered, omitted or supplied so as to obviate any repugnancy or inconsistency with the legislative intent. *People* v. *McEldowney,* 308 Ill. 575; *Smith* v. *Logan County,* 284 id. 163; *People* v. *Fox,* 269 id. 300; *Public Utilities Com.* v. *Monarch Refrigerating Co.* 267 id. 528; *People* v. *Flynn,* 265 id. 414.

If the contention of appellant is correct, then, under section 1, transfers for charitable purposes are subject to the tax only when the transfer is to a person, institution

328—15

or corporation, unless otherwise exempt, while such transfers are not subject to the tax when they are made for charitable purposes generally. There was no good reason for such a distinction, and we do not believe it was the intention of the legislature to make such a distinction. Section 28 exempts transfers to or for the use of charitable objects named in the section or transfers to a trustee for the charitable objects named. This section thus exempts tranfers for the charitable objects named, whether to a person, institution, corporation or otherwise. The mere fact that these two classes of cases are specifically mentioned in section 28 as exempt would indicate that it was the legislative intent, under section 1, to tax all transfers, not only those made to persons, institutions and corporations, but also all transfers for charitable purposes, whether a trustee was named or not, unless they were thereinafter exempted. If under section 1 it was the intent of the legislature that a tax should be assessed on transfers only to persons, institutions and corporations and not transfers of any other kind or for any other purpose, then a part of the provisions of section 28 is unnecessary and meaningless. We must assume that the legislative intent as expressed in section 28 was to exempt from the tax certain transfers which were otherwise taxable under section 1. When the rules of statutory construction are applied to these two sections and each part and paragraph is construed in connection with every other part and paragraph, it is apparent that it was the legislative intent that all property, when transferred for any of the purposes therein named, whether to persons, institutions, corporations or otherwise, was to be subject to the tax unless thereinafter exempted.

In *Matter of Graves,* 63 N. E. (N. Y.) 787, the will gave the residue of the estate, real and personal, to trustees for the purpose of founding and maintaining the Graves Home for the Aged, to be located in Syracuse, New York. The New York inheritance statute imposed a

tax upon any transfer of real or personal property of the value of $500 or more to persons or corporations not exempt by law from taxation in the case therein mentioned, but the property of a corporation or association organized for exclusively charitable purposes was exempted. The comptroller of the State contended that as no corporation was in existence to act as beneficiary and as the trust estate was in the hands of the trustees under the will, the exemption statute in force had no application and the transfer was subject to the tax. ·The court held that the gift was to be considered as if it were in the possession of a corporation already formed under the will for the purpose of carrying out the charitable scheme, although at that time the estate was, in fact, in the hands of the trustees under the will. The statute of New York in this respect is not identical with the statute of Illinois, but such differences as there may be are not so material as to affect that case as authority in this case. The gift in that case was held exempt from the tax but on other grounds than that the transfer was not to a person or corporation.

The next question is whether the transfer under the will of Annie E. Wisner was exempted by section 28. The library under the bequests was to be located in New York. The question of the place where a charity is to be bestowed has been before this court on several occasions. In *In re Estate of Speed*, 216 Ill. 23, a resident of Kentucky devised real estate in Illinois to the Board of Education of the Kentucky Conference of the Methodist Episcopal Church, a corporation organized under the laws of Kentucky, with power to establish an educational fund, to be called the Centenary Educational Fund for the promotion of literature, education, art, morality and religion within the bounds of said conference, to be held and used exclusively in the State of Kentucky. The corporation named in the transfer had no office in Illinois and was not engaged in educational or religious work in Illinois. The county

court assessed a tax on the transfer and the judgment was affirmed by this court. The case arose under the statute as amended in 1901, and the court said that the amendatory act was adopted for the purpose of exempting certain transfers from the operation of the original act. The court quoted the section of the act which is now section 28, and said that nothing in it indicated any intention that it should apply to corporations existing under the laws of another State; that the universally accepted rule of construction is, that an act of the General Assembly of the State granting powers, privileges or immunities to corporations applies only to corporations created by authority of the State having the power of visitation and control, unless the intent is expressed that the act shall apply to other than domestic corporations. The court also discussed the contention made in that case, and also made here, that to exempt only transfers to domestic corporations would violate sections 1 and 2 of article 9 of the State constitution and section 2 of article 4 of the Federal constitution, and held the contention was unsound.

The decision in the *Speed case* was affirmed by the United States Supreme Court in *Board of Education* v. *Illinois,* 203 U. S. 553. That court quoted from the decision of the Illinois Supreme Court that the State had the right to consider the relation which the person or corporation given the right of succession sustains to the deceased, to the property or to the State and regulate the tax in view of such relation, and in exercising the power may tax the right of one class of persons or corporations to take and may deem it wise to impose no tax upon the right of another class of persons or corporations to take, and said: "A Federal court would hesitate, indeed, to put impediments on this power or declare invalid any classification of persons or corporations that had reasonable regard to the purposes of the State and its legislation. And it cannot be said that if a State exempts property bequeathed for chari-

table or educational purposes from taxation, it is unreasonable or arbitrary to require the charity to be exercised or the education to be bestowed within her borders and for her people, whether exercised through persons or corporations."

In *People* v. *Woman's Home Missionary Society*, 303 Ill. 418, the will provided that the residue of the estate should go to the Woman's Home Missionary Society of the Methodist Episcopal Church, which was a charitable and benevolent society incorporated under the laws of Ohio. It, however, maintained an office in Chicago and owned and operated orphanages and deaconess' homes for charitable purposes in this State. It collected money for charitable purposes and expended a fair portion of it in this State. It was held that the beneficiary was a foreign corporation and that the bequest was not exempted from taxation in this State. The constitutional question was considered in that case and it was held that such a construction was not unconstitutional.

In *People* v. *O'Donnell*, 327 Ill. 474, Patrick D. Gill, of Chicago, bequeathed to the Catholic Bishop of the diocese of Nashville, Tennessee, $10,000 for the purpose of educating young men for the priesthood in said diocese. He made five other bequests, of $5000 each, for the same purpose in States other than Illinois. The county court held that the bequests were for religious and charitable uses outside of the State of Illinois and were not exempt under section 28 from the payment of the transfer tax. The judgment was affirmed by this court, and cases from this State and from several other States, including New York, and from the Supreme Court of the United States, are cited in support of the holding. It was also held that such a construction was not in violation of the constitution, either State or Federal.

The transfer made by the will of Annie E. Wisner, being a charity to be bestowed in the State of New York,

was not exempt under section 28 of the Inheritance Tax law but was subject to the tax under section 1.

The judgment of the county court will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*