(No. 19397.— )

THE PEOPLE *ex rel.* Bankers Company of New York, Petitioner, *vs.* WILLIAM J. STRATTON, Secretary of State, Respondent.

*Opinion filed June 19, 1929.*

CHAPMAN & CUTLER, (CHARLES M. THOMSON, of counsel,) for petitioner.

OSCAR E. CARLSTROM, Attorney General, (DAVID J. KADYK, of counsel,) for respondent.

Mr. JUSTICE DIETZ delivered the opinion of the court:

This case arises upon a demurrer to an original petition for a writ of *mandamus* filed by leave of court on behalf of a foreign corporation named "Bankers Company of New York," against the Secretary of State, to compel him to grant it a certificate of authority to transact business in Illinois. The ground of the demurrer is, that the name of the corporation comes within the class prohibited by sec-

tion 83 of the general Corporation act, the material portion of which is as follows: "No foreign corporation shall receive a certificate of authority which has as a part of its name the word 'bank,' 'banking,' 'insurance,' 'assurance,' 'indemnity,' 'savings,' or 'benefit.' "

The manifest intention of the legislature in enacting this provision was to prohibit the issuance of a certificate under the general Corporation act to a foreign corporation having a name which might indicate that it was "restrained by more strict requirements securing the safe conduct and correct administration of" its affairs. (*People* v. *Rose,* 174 Ill. 310.) In giving effect to such intention "words may be modified, altered, omitted or supplied so as to obviate any repugnancy or inconsistency with the legislative intent." (*People* v. *Merchants Trust Co.* 328 Ill. 223; *People* v. *Fox,* 269 id. 300.) "In construing a statute the court will not be confined to its literal meaning. A thing within the intention is regarded within the statute although not within the letter." *Smith* v. *Logan County,* 284 Ill. 163; *People* v. *McEldowney,* 308 id. 575.

The laws of New York provide that no corporation shall be organized under the general Corporation law which has as a part of its name the word "insurance." A corporation named "Lloyds, New York, Incorporated," was refused a certificate by the Secretary of State. *Mandamus* was brought to compel its issuance. A showing was made that the word "Lloyds" had by business practice become synonymous with "insurance." A writ was denied. The court said: "The object of the statute referred to was to prevent any corporation, except one subject to control of the insurance department, from using in its corporate name the word 'insurance' and posing as an insurance company when it was not in fact. * * * It is true the statute does not expressly prohibit the use of the word 'Lloyds' as a part of the name of a corporation, but its use would be none the less an imposition upon the public and contrary

to public policy, as indicated by the statute." *In re Barker*, 119 N. Y. Sup. 777.

The New York law also provides that no corporation should be organized under the general Corporation law with the word "benefit" as a part of its name. The approval of the court was sought to the certificate of incorporation of the Howard Aid Society, Incorporated, as a membership corporation. In disapproving the certificate the court said: "While the statute does not expressly provide that the word 'aid' shall not be used in the corporate name, it seems clear that the meaning of the statute and the intent of the legislature was to prohibit such use. * * * The use of the word 'aid' in the name of the corporation would clearly lead the general public to believe that some benefit was to be derived from a membership in it. As the word 'benefit' is expressly barred by the statute, it should follow that no corporation, other than one organized under the Banking and Insurance law, should be authorized whose name contains the word 'aid.' " *In re Incorporation of Howard Aid Society*, 160 N. Y. Sup. 789.

What was said in those cases applies with equal force here. The word "bankers," while not mentioned in the statute, is a derivative of the word "bank," the use of which is expressly prohibited. The general public has so closely associated "bankers" with the idea of State protection that they likely would be misled in their dealings with a corporation having this word in its corporate title. This was precisely what the statute was designed to prevent. *People* v. *Rose, supra.*

The demurrer to the petition is sustained and the writ will be denied. *Writ denied.*