## In re PARK COLLEGE.

No. 23050. Dec. 18, 1934.

MacDonald & MacDonald, for plaintiff in error.

Roy Paul, Co. Atty., and B. W. Carter, Asst. Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Bryan

county sustaining the order of the board of county commissioners in denying the application of Park College to strike from the tax rolls of Bryan county certain lands owned by Park College and refund taxes paid thereon.

Herein it is contended that under the provisions of section 6, art. 10, of the Constitution of Oklahoma, the property involved in this action is exempt from taxation in that that property is used exclusively for schools and colleges and for religious and charitable purposes.

Under section 6, art. 10, of the Constitution, the "use" to which property is, in fact, dedicated, is the test as to whether such property is exempt from taxation, and such "use" is a question of fact to be determined from the evidence. Beta Theta Pi Corporation v. Board of Com'rs of Cleveland Co., 108 Okla. 78, 234 P. 354.

The evidence in the instant case consists solely of affidavits of erroneous assessments made and filed by the attorney for the taxpayer, showing that the various parcels of land located in Bryan county belong to Park College of Parkville, Mo., a church college and a charitable and religious institution, and that the income from said land is used exclusively by Park College for charitable and religious purposes and for no other purpose. Further than the statement made in the affidavits, there is no evidence whatever attempting to show the nature and quantity of income from the land owned by the Missouri college, nor for what purpose the same was used. However, the county attorney representing Bryan county admitted that Park College is an eleemosynary institution, and that the revenue derived from the land in question is used strictly for charitable purposes, and we will assume that all of the income from the property is used exclusively for religious and charitable purposes. Park College is not located in the state of Oklahoma, and there is no evidence whatever to show that any of the income from the property in question or any other property belonging to that institution was ever used for "religious or charitable purposes" within the state of Oklahoma. The question then presents itself as to whether or not the framers of the Oklahoma Constitution intended that real estate located in Oklahoma and belonging to a religious or charitable institution located and operated exclusively in another state should be withdrawn from the burden of taxation when the income from the land

was used for religious or charitable purposes within the other state. Neither side of this controversy has favored us with any holding of this court sustaining its contention, and we are unable to find any decision of this court directly in point. We are not inclined to believe that the Constitution or laws of Oklahoma allow any such extraordinary privilege to religious and charitable institutions located and operated exclusively without this state.

Referring to holdings of courts of other states considering a question of taxation similar to the question here presented, we find that in the case of State ex rel. Taggart, Co. Atty., et al. v. Holcomb, Co. Clerk, et al. (Kan.) 116 P. 251, that court held:

"A water plant owned by a municipality of Missouri and located in Kansas is subject to taxation under the laws of Kansas.

"The exemption from taxation of the property of the state and any of its municipalities, provided for in the Constitution and statutes, refer to the municipalities of Kansas and not to those of another state.

"When a state, or any of its municipalities, goes into another state and there acquires and uses property, it does not carry with it any of the attributes of sovereignty nor exercise of governmental power. It has no other or greater right there than any other private owner of property, and its property is subject to the taxation which the laws of that state impose."

In Morgan et al. v. Atchison, T. & S. F. Ry. Co. (Kan.) 225 P. 1029, that court held:

"The exemption from taxation of the property of educational or charitable institutions, provided for in the Constitution and statutes, refers to educational and charitable institutions of Kansas, and not to those of another state."

In the case of People v. Illinois Merchants Trust Co., 328 Ill. 223, 159 N. E. 266, that court said:

"A statute exempting property from transfer tax, the beneficial interest of which has passed for the use of charitable, scientific, educational and religious purposes, does not apply in case the institution is located outside the state."

In 26 R. C. L., section 197, pp. 226, 227, it was said:

"The character of legacies which are exempt depends in each case on the phrasing of the statute, but there are a few general principles which may be laid down. Thus it is agreed that the grant of an exemption will be construed strictly against one claiming the

134

benefit of it. An exemption of gifts to literary, educational and charitable corporations will apply only to corporations established by the laws of the state imposing the tax, and will not apply to a foreign corporation even if it carries on some of its work within the state. * * *"

The rule in other states declaring the property of nonresidents or foreign societies and institutions subject to taxation is stated in Re Speed's Estate, 216 Ill. 23, 74 N. E. 809, and Humphreys v. State, 70 Ohio St. 67, 70 N. E. 957.

In People v. Woman's Home Missionary Soc. of M. E. Church, 303 Ill. 418, 135 N. E. 749, that court held:

"Inheritance Tax Law, sec. 28, exempting bequests and devises for any benevolent and charitable purpose, does not apply to a foreign corporation, although it has an office, owns property, and functions within the state.

"A statute granting powers, privileges, or immunities to corporations is construed applicable only to domestic corporations, unless the intent that it shall apply to others is plainly expressed therein.

"Statutes exempting from taxation are to be strictly construed."

We think it to be but a fair interpretation or construction that a provision of the state Constitution or act of the Legislature granting powers, privileges or immunities to educational, religious, or charitable institutions and the property of such institutions must be held to apply only to such institutions created under the authority of this state or located and operated within the state, from which the citizens of the state would receive a benefit through such concession. A foreign institution or corporation cannot claim the same privileges in their demands to transact business in this state as domestic institutions, and the state is not bound to give its exemption privileges on taxation to such institutions unless the Constitution or statute plainly and expressly grants it.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, OSBORN, and BAYLESS. JJ., concur. CULLISON, V. C. J., and BUSBY and WELCH, JJ., absent.