(No. 23825.—

THE PEOPLE *ex rel.* Ernest Palmer, Director of Insurance, *vs.* THE NATIONAL LIFE INSURANCE COMPANY.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.* PATRICK J. LUCEY, Receiver, Appellee.)

*Opinion filed June 16, 1937—Rehearing denied October 13, 1937.*

THOMAS J. COURTNEY, State's Attorney, (HAYDEN N. BELL, JACOB SHAMBERG, WILLIAM P. KEARNEY, and ROBERT S. CUSHMAN, of counsel,) for appellant.

CONCANNON & DILLON, and SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, (MATTHIAS CONCANNON, HENRY S. MOSER, and THEODORE C. DILLER, of counsel,) for appellee.

Mr. JUSTICE ORR delivered the opinion of the court:

Defendant below, a life insurance company organized under the laws of Illinois and in the hands of a receiver for liquidation, owned certain shares of stock in Chicago banks, on which it sought to avoid payment of personal property taxes. The chancellor of the superior court of Cook county held the company not liable for such taxes, and from this decree the present direct appeal was taken by the People, the revenue being involved.

The determination of this appeal depends upon the construction placed upon section 13 and sections 35 to 39, inclusive, of the Revenue act of 1872, as amended. (State Bar Stat. 1935, chap. 120, par. 13 and pars. 40 to 44, incl.; Smith-Hurd Stat. 1935, chap. 120, par. 13 and pars. 39 to 43, incl.) The chancellor found section 13 withdrew such companies from the operation of sections 35 to 39, inclusive, as it was the sole and exclusive means of assessing the property of domestic life insurance companies subject to taxation under our statutes. Appellant claims that sec-

tion 13, since it was last amended in June, 1915, (Laws of 1915, p. 565,) is not applicable to the assessment of bank stock, for the amendment restored the assessment of bank stock held by domestic life insurance companies to sections 35 to 39, inclusive.

Section 13, before amendment, provided merely for the place of the assessment of personal property, including that of domestic life insurance companies, since no special provision was made for the taxation of insurance companies. Under this section, until the amendment of 1905, bank stock held by domestic life insurance companies was assessed in accordance with section 35. Under the amendment, (Laws of 1905, p. 356,) an exception was made of domestic life insurance companies, requiring "all the property and assets" of such companies to be assessed at its place of residence,—i. e., the location of its principal office. Appellant concedes in its briefs that section 13, as amended in 1905, provided the only method to be used by assessing authorities in assessing bank stock owned by a domestic life insurance company, to the exclusion of section 35.

In March, 1915, section 13 was again amended. (Laws of 1915, p. 564.) The amendment provided for the assessment of the personal property of fraternal beneficiary societies, but in a manner different from making the assessment of property in the same category owned by domestic life insurance companies. The legislature therefore adopted a second 1915 amendment to section 13, in June. (Laws of 1915, p. 565.) This was the last time section 13 was amended and the pertinent provisions of that section are as follows: "The personal property of banks or bankers, brokers, stock-jobbers, insurance companies (except life insurance companies organized under the laws of this State,) fraternal beneficiary societies (except those organized under the laws of this State,) * * * shall be listed and assessed in the county, town, city, village or district where their business is carried on; * * * All property and

assets of life insurance companies and fraternal beneficiary societies organized under the laws of this State (*except such property as is by statute liable to assessment elsewhere*) shall be assessed to the corporation or society as to a natural person in the name of the corporation or society in the county, town, city, village or district of its residence as herein provided, and not otherwise."

Section 35 of the Revenue act of 1872, as amended, provides: "The stockholders of every kind of incorporated bank located within this State, * * * shall be assessed and taxed upon the value of their shares of stock therein, in the county, town, district, village or city where such bank * * * is located and not elsewhere, whether such stockholders reside in such place or not," etc. The cited sections subsequent to 35 are merely in aid thereof and their provisions do not affect the situs of an assessment. Both litigants earnestly apply well known canons of statutory construction to reach different results. These opposite conclusions arise because appellant labels section 13 as a general statute, and sections 35 to 39, inclusive, as special statutes, while appellee reverses the labels.

Sections 35 to 39, inclusive, of the Revenue act of 1872, deal exclusively with bank stock as an object of taxation, and every type of bank located within the State is embraced by these statutes. The one intent is to assess and tax the stockholders on the shares of stock owned by them. The provisions of the statutes relative to the assessment and collection of the tax apply uniformly to all banks located within the State; no exceptions to such uniform application are made by reason of bank stock being owned by domestic life insurance companies. It was the clear intent of the legislature to prevent bank stock from escaping taxation. To this end, it was made obligatory upon each bank to keep accurate records of the owners of its stock, the amount of stock held by each owner, and that the tax be paid to the taxing authorities at the place where the bank was lo-

cated, irrespective of the places where stockholders might reside. A particular bank was required, under the statutes, to withhold the amount of the tax from dividends belonging to the stockholders. Tax authorities were allowed, by the statutes, to have access to such records, and the tax assessed against the stockholder was made a lien upon the share of stock until the tax was paid. It was the duty of the assessor to make a return of the correct list of bank stockholders, together with certain informative data, to the county clerk of the county wherein the particular bank was located. The return valuation of such shares of bank stock was then to be entered by the county clerk upon his tax lists, with his extension and computation of taxes thereon. Nowhere in these statutes is a duty imposed upon the assessor to make a return of the list of stockholders, etc., to a county clerk, or other ministerial officer having similar duties, in a county where the bank is not located.

Section 13 as it now stands, amended, treats of the assessment and taxation of personal property used in business, which is not covered in specially provided statutes of the Revenue act of 1872, as amended. Specific types of business, or individuals defined by the character of the business conducted by them, are brought under this section to reach their personal property for listing and assessing in the political unit where their business is carried on. Life insurance companies organized under the laws of this State are specifically exempted from this particular requirement in order to subject them to special consideration and treatment later in the section. As to such life insurance companies, the section requires that "all property and assets" shall be assessed, "except such property as is by statute liable to assessment elsewhere, in the political unit wherein the life insurance company resides, and not otherwise." It is to be noted that shares of bank stock do not come under this section by virtue of any specifically named inclusion. They are under the provisions of this section as an unmen-

tioned part of that class unit "all property and assets," by being items of personal property,—*i. e.*, shares of bank stock that, by circumstance, are owned by a domestic life insurance company. In order to ascertain the property of a domestic life insurance company subject to taxation, the gross assets of the company are set down and from this is first subtracted "the value of its real estate and of its personal property otherwise taxed." This was a recognition by the legislature that the real estate of the company could not enter into the computation of the personal tax. It was a further recognition by the same body that, in view of the quoted exception in the forepart of that portion of the section where "all property and assets" of the company are mentioned, some personal property of the company was liable to assessment and taxation elsewhere than in the company's place of residence.

Section 13, before any amendment, clearly required the personal property of insurance companies to be assessed in the place where the life insurance company carried on its business, except the property liable to assessment elsewhere because it was in the hands of company agents. The amendment of 1905 specifically provided that the personal property of domestic life insurance companies should be assessed at the place of their residence. The March, 1915, amendment to section 13, did not change the situs of assessment of personal property of domestic life insurance companies. Neither the original section 13, nor the section after either amendment, excepted personal property of the company from assessment at its place of residence. The June, 1915, amendment did not change the situs of assessment of personal property, as it still had to be made at the company's place of residence, "except such property as is by statute liable to assessment elsewhere."

The amendment of section 13, in 1905, did not act as a repeal of sections 35 to 39, inclusive, of the Revenue act of 1872. Only those parts of the latter sections which were in-

consistent with section 13, as amended, were repealed, to the extent of any inconsistency. The sections remained in full force and automatically applied to bank stock owned by domestic life insurance companies, whenever such stock was excepted from the operation of section 13. In *People v. Sweitzer,* 266 Ill. 459, an original action of *mandamus* was brought in this court to compel the county clerk of Cook county to take the needed legal steps for holding a primary election for candidates for judicial offices. The Ballot law of 1891 required the nomination of all candidates for public offices to be made in a party convention or caucus. The Primary act of 1910 required candidates for certain offices, including judicial offices, to run for nomination in a direct primary. This act contained a clause repealing all acts or parts of acts inconsistent with it. In 1913, the Primary Election act was amended by withdrawing all nominations for judicial offices from it. We held the Ballot law of 1891 was still in force and applied to the nomination of candidates for judicial offices, after the Primary act was amended. Only in cases where a statute is expressly repealed, or where all cases are taken from under its operation, thereby abrogating it by a later act, is the former act repealed. The amendment to the Primary Election act had the effect of bringing the nomination of candidates for judicial office once more within the Ballot law of 1891. Our holding is in accord with the prevailing view in other jurisdictions. (*Miller* v. *Miller,* 39 Minn. 376, 40 N. W. 261; *State* v. *Wirt County Court,* 63 W. Va. 230, 59 S. E. 884; *Terminal Drilling Co.* v. *Jones,* 84 Colo. 279, 269 Pac. 894; *Lagoon Jockey Club* v. *Davis County,* 72 Utah, 405, 270 Pac. 543.) The analogy between the present case and the *Sweitzer case* is so close that the holding in the latter controls here on this point. After the June, 1915, amendment went into effect, the situs of assessment of bank stock owned by domestic life insurance com-

panies moved at once to the taxing unit wherein the bank was located.

We come now to consider whether section 13, as amended, and sections 35 to 39, inclusive, should be classed as special or general statutes. In our opinion such a classification is not material to the issues presented. The State constitution (art. 9, sec. 1,) requires all property to be assessed and taxed unless it is exempted from taxation by legislative action within the sphere of exemptions enumerated in the constitution, (Const. 1870, art. 9, sec. 3; *Consolidated Coal Co. v. Miller,* 236 Ill. 149.). The legislature cannot broaden this exemption sphere. (*People* v. *University of Illinois,* 357 Ill. 369.) The Revenue act of 1872, in section 7, required, "Personal property, except such as is required in this act to be listed and assessed otherwise, shall be listed and assessed in the county, town, city, village or district where the owner resides." (State Bar Stat. 1935, chap. 120, par. 7; Smith-Hurd Stat. 1935, chap. 120, sec. 7.) This included personal property generally, excepting none from listing and assessment, but did state separate specifications relative to listing and assessing some personal property. Both section 13 and section 35 contain separate specifications in regard to listing and assessing personal property possessing unique characteristics; the first treats of personal property used in business, the second of bank stock which evidences an intangible interest in personalty. Although each of the above sections covers all the personal property of the particular class and covers each member of the class, and each is general so far as it affects its classification, still, in reference to section 7, each is a case of special treatment of a special kind of personal property. Particular instances of special attention, in so far as listing and assessing personal property is concerned, are shown by the legislative consideration given gas and coke companies, railroads, express companies, property *in transitu,* etc. The

immateriality of the different contentions over statutory classification is therefore apparent.

Appellee argues that the language employed in section 13, after it was amended in June, 1915, is ambiguous. Theretofore, the legislature had consistently required the listing and assessing of the personal property of domestic life insurance companies at their place of residence. The wording of the amendment is precise and clear, and the exception is in parenthesis. The phrase "and not otherwise" at the end of the sentence wherein the exception is found, was placed in the section by the 1905 amendment. One of the cardinal rules of construction requires this court to study the whole statute, and each and every part thereof, in the light of the general purpose and object for which it was created. (*People* v. *Illinois Merchants Trust Co.* 328 Ill. 223; *Consumers Co.* v. *Industrial Com.* 364 id. 145.) Clearly the phrase "and not otherwise" has some relation to the exception. "All property and assets" must be assessed in the political tax unit where the company resides "and not otherwise," * * * "except such property as is by statute liable to assessment elsewhere." Such is the clear meaning of the section.

To adopt the construction urged by appellee would confuse tax assessing and collecting authorities and create diverse tax burdens upon persons of the same class, thereby destroying the uniformity of the tax upon owners of bank stock. For example, under appellee's theory, if an Illinois life insurance company, being solvent and with offices located in Adams county, owned shares of stock in a Chicago bank, the following conditions would arise: The bank stock owned by the company would be assessed in Adams county and the tax collected by the collector of that county. The tax paid by all other bank stockholders would be assessed in Chicago and collected there, and would be distributed to different taxing bodies in Cook county in varying proportions. The tax rate of Adams county would be applied to

the company while the tax rate of Cook county would be applied to the other stockholders. If the tax assessed in Adams county were not paid, the tax collector of that county would have to enforce the lien against the stock in Cook county and hold the sale there. The language of section 13, after its amendment in June, 1915, does not disclose an intent by the legislature to create such a bewildering tax situation. The legislature, by such amendment, corrected that situation as it existed before the last amendment to the section. The facts that the bank and the insurance company reside in, or have principal offices in the same taxing district, or that the company is insolvent, do not alter the effect of the statutes.

The decree of the superior court of Cook county is reversed and the cause is remanded, with directions to enter a decree in conformity with this opinion.

*Reversed and remanded, with directions.*