In re NOBLE'S ESTATE.
STATE ex rel. OKLAHOMA TAX COMMISSION v. NOBLE'S EX'RS.

No. 28240.     May 10, 1938.

Rehearing Denied June 14, 1938.

C. D. Cund, A. L. Herr, and Wendell Barnes, for plaintiff in error.

Johnson, McGill & Johnson and Jameson & McMahon, for defendants in error.

PHELPS, J.   This is an appeal from a judgment declaring that certain foreign corporations, to wit: the Board of Relief of the Presbyterian Church of the United States, and the Board of Home Missions of the Presbyterian Church of the United States,

existing as religious, charitable, and nonprofit institutions, are exempt from paying an inheritance tax upon the property left to them by the will of the decedent. The material facts are stipulated and are as follows:

"It is further stipulated and agreed that the Presbyterian Board of Relief of the United States is a corporation organized and existing under and by virtue of the laws of a state other than the state of Oklahoma; that it derives its funds by donations or bequests and by a percentage of the salaries or wages paid to Presbyterian preachers throughout the United States, and by payments to it by the various Presbyterian churches throughout the United States. Its principal activity is that of furnishing pensions to aged preachers, who may, by reason of their physical disability, no longer be able to earn a livelihood; that it is engaged in carrying on charitable activities and that a portion of its funds is expended by it within the state of Oklahoma for charitable purposes, and that it looks after and attends to such matters within the state of Oklahoma.

"It is further stipulated and agreed that the Board of Home Missions of the Presbyterian Church of the United States is a corporation incorporated under the laws of the state of New York, that it derives its funds from various sources, and that its funds are expended throughout the United States under its supervision and direction in support of missionaries preaching and teaching among the various communities of whites, Indians and negroes; that a portion of its funds is expended by it and under its supervision and direction within the state of Oklahoma, in support of schools, missions, churches, missionaries, and persons within the state of Oklahoma, preaching and teaching among the various communities of whites, Indians and negroes within the state and that it was engaged in such activities long prior to the time of the death of the said Eva E. Noble, and that it has continued to engage in such activities since her death up to the present time."

The sole question in the case is whether, under subdivision (i) of section 3, article 5, chapter 66, S. L. 1935, such foreign corporations are exempt from the payment of the tax. The statute reads as follows:

"Provided, that all transfers, gifts or bequests made in good faith to, or in trust for, the use, benefit or support of any charitable, educational or religious institution incorporated or operating under the laws of this state, or to, or in trust for, the education, support and relief of the poor, indigent, blind or crippled of this state, shall be exempt and shall be deducted from the gross estate."

Neither side of this controversy has favored us with any holding of this court, or of any other court, sustaining its contention, and we are unable to find any decision directly in point. However, in similar cases, while there is a division of authorities, the majority of the courts hold that a gift to a charitable or religious institution extends only to domestic corporations and not to foreign corporations. In 26 R. C. L., at pages 226, 227, we find this principle stated:

"The character of legacies which are exempt depends in each case on the phrasing of the statute, but there are a few general principles which may be laid down. Thus it is agreed that the grant of an exemption will be construed strictly against one claiming the benefit of it. An exemption of gifts to literary, educational and charitable corporations will apply only to corporations established by the laws of the state imposing the tax, and will not apply to a foreign corporation even if it carries on some of its work within the state, nor will it apply to a gift to trustees to pay over to a domestic charitable corporation not in existence until after the death of the testator."

See note 34 A. L. R. 681; Morgan et al. v. A., T. & S. F. Ry Co., State of Kansas Intervener, 116 Kan. 175, 225 P. 1029; People v. O'Donnell (Ill.) 158 N. E. 727; People v. Illinois Merchants' Tr. Co. (Ill.) 159 N. E. 266, 62 A. L. R. 318; People v. Woman's Home Missionary Soc., 303 Ill. 418, 135 N. E. 749; In re Speed's Estate, 216 Ill. 23, 74 N. E. 809; Kidder on State Inheritance Tax and Taxability of Trusts, p. 245; Blackmore on Inheritance Tax, par. 257; In re Quirk's Estate, 257 Mo. 422, 165 S. W. 1062, 51 L. R. A. (N. S.) 817; In re Metcalf's Estate, 41 Wyo. 36, 282 P. 27.

In 37 Cyc. 1573, the rule is stated as follows:

"A bequest to a foreign corporation is not exempt from payment of the legacy tax, although such corporation, by reason of its character as a charitable, religious or educational institution, is exempt from taxation in the state of its domicile, or, although domestic corporations of the same class are exempt; and it is immaterial that such corporation has been empowered by law to take and hold property in the taxing state, or that the fund provided in the bequest is to be used within the taxing state."

The rule above stated appears to be in harmony with the decisions of this court in the construction of exemption statutes. In Wenner, County Treas., v. Mothersead, Bank Commissioner, 129 Okla. 273, 264 P. 816, we said in the syllabus:

"Under the recognized rule of law, property is never exempted from taxation except by a special and definite provision of law."

In that case we quoted from the rule stated by this court in Oklahoma City v. Shields, 22 Okla. 265, 100 P. 559, wherein we said:

"Claims of exemption * * * must be * * * by express grant."

A case more directly in point, and wherein the rule is more firmly established, is In re Park College, 170 Okla. 132, 39 P.2d 105. In the body of the opinion appears the following language:

"We think it to be but a fair interpretation or construction that a provision of the state Constitution or act of the Legislature granting powers, privileges or immunities to educational, religious, or charitable institutions and the property of such institutions must be held to apply only to such institutions created under the authority of this state or located and operated within the state, from which the citizens of the state would receive a benefit through such concession. A foreign institution or corporation cannot claim the same privileges in their demands to transact business in this state as domestic institutions, and the state is not bound to give its exemption privileges on taxation to such institutions unless the Constitution or statute plainly and expressly grants it."

In support of their contention that under the cited statute the exemption applies to religious, charitable, and educational institutions, whether domestic or foreign, the defendants in error argue that the words "or operating under the laws of this state" appearing in the statute are sufficiently broad to justify a construction favorable to their theory. The statute is not free from ambiguity. However, in view of the decisions cited herein, we are unable to interpret the statute in harmony with the contention of the defendants in error. The phrase "operating under the laws of this state," as used in the statute, is equivalent, in legal intendment, to the phrase "existing under the laws of this state" (Mathieson Alkali Works v. Mathieson, 150 Fed. 241, 80 C. C. A. 129; Grand Trunk Ry. Co. v. Tennant, 66 Fed. 922); the word "under" denotes "subordination" or "subjection." "subject to" or "subordinate to." Oxford English Dictionary.

We therefore conclude that a reasonable interpretation of the language of the statute, when taken in connection with the apparent rule applied by the decisions of this and other courts, means religious, charitable, or educational institutions either incorporated under the laws of this state or unincorporated institutions operating under the laws of the state.

We have examined the authorities cited by the defendants in error which hold contrary to the rule hereinbefore stated. These decisions, however, are based upon statutes more liberal than the law under consideration In Re Fiske's Estate, 172 P 390, one of the strongest cases supporting defendant's contention, the Supreme Court of California, in the body of the opinion, said:

"It is difficult to conceive of any language by which a more direct exemption could be made. Authorities are cited from other states wherein exemptions of charitable corporations have been held, under the language of the particular statute construed, to apply only to domestic charitable corporations. Our attention is not called to any law which is as broad and comprehensive in its scheme of exemptions as our statute."

Other decisions cited by the defendants in error likewise are based upon statutory enactments sufficiently plain to justify the court in holding that it was the intention of the Legislature to exempt from taxation gifts and bequests made to religious. charitable, or educational institutions, whether domestic or foreign. They are not controlling in the present case.

We are not unmindful of the generous impulses which actuated the decedent in providing large gifts and bequests, both to domestic and foreign religious, charitable, and educational institutions. We are not disposed to minimize the importance of the altruistic spirit prompting gifts and bequests of this nature. However, it is the duty of courts in the interpretation of statutes to declare the law as it is and to adhere closely to what they find their plain meaning to be, leaving to other branches of government the right to determine the moral or political questions as their judgments may dictate.

The judgment of the district court is reversed and the cause is remanded. with instructions to enter judgment for the plaintiff in error in accordance with the views expressed herein.

BAYLESS, V. C. J.. and CORN, GIBSON, and HURST, JJ., concur.