In the Matter of LOOMIS SANATORIUM, Appellant, against CHARLES B. STEELE et al., as Assessors of the Tax District Composed of the Town of Liberty, Sullivan County, Respondents.

Third Department, June 3, 1944.

*Ellsworth Baker*, attorney (*Edward C. McLean* of counsel), for appellant.

*William G. Birmingham*, attorney for respondents.

HILL, P. J. Appeal from an order in a tax certiorari proceeding which determined that premises owned by relator, the Loomis Sanatorium, in the town of Liberty, Sullivan County, are not exempt from taxation under subdivision 6 of section 4 of the Tax Law. The relator is a membership corporation and the owner of more than 600 acres of land upon which many buildings are erected which were, until July 31, 1942, used exclusively as a sanatorium and infirmary for the reception, care and treatment of those afflicted with consumption or other thoracic diseases. On June 24, 1942, the members and directors of the corporation adopted a resolution that the sanatorium " be closed on July 31, 1942, for the duration of the War or until such date as the Board may hereinafter deem desirable * * * ". The resolution further authorized the sale of chattels having a total book value not in excess of $10,000 which the executive committee deemed to be obsolete or surplus equipment. A considerable quantity of equipment has been moved to other schools and sanatoriums under the same general management.

" The real property of a corporation * * * organized exclusively for * * * hospital, infirmary * * * and used exclusively for carrying out thereupon one or more of such purposes * * * " is exempt from taxation. Subdivision 6 of section 4 of the Tax Law contains the further provision: " The real property of any such corporation or association entitled to such exemption held by it exclusively for one or more of such purposes and from which no rents, profits or income are derived, shall be so exempt, though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon, if the construction of such buildings or improvements is in progress, or is in good faith contemplated by such corporation or association; or if such real property is held by such corporation or association upon condition that the title thereto shall revert in case any building not intended and suitable for one or more such purposes shall be erected upon said premises or some part thereof ". Since the closing, the real property has not been " used exclusively " for carrying out the purposes of the corporation, and it does not come within the statutory exception which makes exempt real property not used but held by a corporation for the purposes mentioned.

The property is not exempt from taxation. (*Board of Foreign Missions* v. *Board of Assessors*, 244 N. Y. 42; *Young Women's Christian Assn.* v. *City of New York*, 217 App. Div. 406, affd. 245 N. Y. 562.)

The order should be affirmed.

All concur.

Order affirmed, with fifty dollars costs and disbursements.