THOMAS H. VAIL, *Trustee, &c.*, v. M. S. BEACH, *Treasurer, &c.*

TAXATION; *Exemption; Dwelling-House of Church Pastor.* A dwelling-house in Lawrence owned by the Diocese of the Episcopal Church, and used by the Bishop exclusively as a residence, is not exempt from taxation under §1 of art. 11 of the constitution.

*Error from Douglas District Court.*

INJUNCTION, brought to restrain the collection of $218 taxes alleged to have been illegally levied on certain real property in the city of Lawrence for the year 1871. The petition alleged that said property (certain city lots,) was owned by the Protestant Episcopal Diocese of Kansas, a religious society; that said premises were used and occupied by the Right Reverend Thomas H. Vail, D.D., Bishop of

the Diocese of Kansas, as a residence and house, and for no other purpose, and that said society or association does not own or occupy ground exceeding ten acres in any case in Douglas county. The defendant demurred. The case was heard at the February Term 1872. The district court sustained the demurrer and refused the injunction. The plaintiff excepted, and brings the case here on error.

*Geo. W. Smith,* for plaintiff in error, maintained that the "use" of the property was exclusively for the benefit of a religious society — for "religious purposes" — and was exempt from taxation by virtue of § 1 of art. 11 of the constitution.

*John Guthrie,* for defendant in error:

This case should be affirmed: §1, art. 11, constitution; 8 Ind., 328; 19 Ohio, 110; 3 Mich., 172. The word "exclusively," in §1, art. 11, Const., does not permit any other use to be made of this property except a "religious use." This property is a residence owned by the Bishop of the P. E. Church, and used by the Bishop for a residence. It is only used incidentally for religious purposes. In the same sense *all* men, Jew or Gentile, Christian or pagan, use their houses. "The true theory of taxation is, to assess all property at its value. Exemptions, as they are contrary to common right, are not to be favored by the courts." 4 Ind., 86.

The opinion of the court was delivered by

KINGMAN, C. J.: It was clearly demonstrated in the case of *Washburn College v. Comm'rs of Shawnee County,* 8 Kas., 344, that it was the use and not the ownership of property, that determines whether property is exempt from taxation under §1 of art. 11 of the constitution. Therefore the only question to be decided in this case is, whether the property occupied by the plaintiff in error as a residence is exempt from taxation; and on this point we have no doubt. The exalted station, the great ability and usefulness, as well as the eminent piety of the plaintiff in error, form no reason why the court should depart from the plain letter of the law, as

we read it. It is only property that is used "exclusively" for religious and other designated purposes, that is exempt. In this case the property is used as any other dwelling; and the use is not distinguishable from that of the residence of any other christian pastor, or christian gentleman. It is clear that it is not the purpose of the section referred to, to relieve such property from the burden of taxation. The court below therefore correctly refused an injunction in the case.

All the Justices concurring.