In re ASSESSMENT of BETA THETA PI CORPORATION for the Year 1923.
BETA THETA PI CORPORATION v. BOARD OF COM'RS OF CLEVELAND COUNTY.

No. 15793—Opinion Filed March 3, 1925.

(Syllabus.)

1. Taxation—Exemptions — Buildings of College Fraternities.

(a) Held, that the Act approved March 29, 1919, the same being chapter 300, Sess. Laws 1919, and now being section 9580, Comp. Stats. 1921, does not exceed the constitutional limitations upon the legislative power to exempt property from taxation and is a valid act.

(b) Held, further, that under the proviso in section 6, art. 10, of the Constitution, to wit, "that all property not herein specified, now exempt from taxation under the laws of the territory of Oklahoma, shall be exempt from taxation until otherwise provided by law," had the express effect of exempting all property coming within the classes of property exempted by the territorial statutes, including personal and real property, belonging to scientific, educational, and benevolent institutions, colleges or societies, and devoted solely to the appropriate objects of such institutions, and used solely for such purposes.

(c) Held, further, that plaintiff in error, Beta Theta Pi Corporation, having been incorporated for such purposes and its property being devoted and used solely for the promotion of educational, moral, charitable, and public welfare, is exempt from taxation.

2. Same—Constitutional Provision— "Use" of Property as Test of Exemption.

Under section 6, art. 10, of the Constitution, the "use" to which property is in fact dedicated, is the test as to whether such property is exempt from taxation, and such "use" is a question of fact to be determined from the evidence.

Error from District Court, Cleveland County; W. L. Eagleton, Judge.

In the matter of the assessment of property of the Beta Theta Pi Corporation for the year 1923 in Cleveland County. From an adverse judgment, the Corporation brings

error. Reversed and remanded, with instructions.

Lydick, McPherren & Wilson and Kittie C. Sturdevant, for plaintiff in error.

J. D. Holland, Co. Atty., for defendants in error.

HARRISON, J. This case involves but one question, viz.: Whether under the law the property owned and used by plaintiff in error, Beta Theta Pi Corporation, at the State University at Norman, is exempt from taxation.

There is no controversy as to the facts, further than that the facts do not bring the property within any of the constitutional exemptions. The fraternity is incorporated under the laws of the state and owns and uses, for the purpose for which it is incorporated, certain lots, buildings and appurtenances at the State University and in the city of Norman.

This property was assessed for taxation for the year 1923. The fraternity claimed it to be exempt from taxation, the county attorney claimed it to be subject to taxation, and the trial court sustained the contention of the county attorney, whereupon the fraternity appealed to this court for review of the errors assigned.

There is no serious contention that the property in question is not exempt under the statutes, section 9580, Comp. Stats. 1921. But the county attorney, counsel for defendant in error, contends that this class of property was not included within any of the classes exempted from taxation by section 6, art. 10, of the Constitution, which exempts certain classes of property, naming the classes, and then in section 50, art. 5, expressly inhibits the Legislature from exempting any property not exempted by the Constitution, and contends that said section 9580, Comp. Stat. 1921, by exempting property not included in the Constitution, thereby exceeds the constitutional limitation upon legislative power to exempt property from taxation, and is void. The trial court sustained this contention and held the statute void.

On the other hand, the fraternity contends that the class of property exempted by said section 9580 of the statutes is within the classes exempted by said section 6, art. 10, of the Constitution, and that such statute is valid.

The portion of said section 6, art. 10, pertinent to the question presented, is as follows:

"All property used for free public libra-

ries, free museums, public cemeteries, property used exclusively for schools, colleges, and all property used exclusively for religious and charitable purposes, and all property of the United States, and of the state, and of counties and municipalities of this state; household goods of the heads of families, tools, implements, and live stock employed in the support of the family, not exceeding one hundred dollars in value, and all growing crops, shall be exempt from taxation: Provided, that all property not herein specified now exempt from taxation under the laws of the territory of Oklahoma, shall be exempt from taxation until otherwise provided by law. * * *"

Section 50, art. 5, of the Constitution is as follows:

"The Legislature shall pass no law exempting any property within this state from taxation except as otherwise provided in this Constitution."

Section 9580, Comp. Stat. 1921, is as follows:

"That all real estate belonging to fraternal orders or societies, on which is erected a building occupied wholly or in part by the fraternal order or society owning the same, shall be exempt from taxation, either directly or indirectly, and the renting of any portion of such building shall not subject such real estate to taxation; provided, the net proceeds derived therefrom shall be devoted exclusively to benevolent or charitable purposes."

This section was section 1 of chapter 300, Sess. Laws 1919, and the whole controversy in the trial court was whether the property exempted by such section came within the classes of property exempted under that portion of section 6, art. 10, supra, preceding the concluding proviso in the above quotation, but the authority of the Legislature to exempt the class of property mentioned in section 9580, supra, is not confined to the constitutional provision preceding the above proviso, for the reason that said section 6, art. 10. of the Constitution enumerates certain classes of property which are by such section expressly exempted from taxation, and then provides:

"That all property not herein specified, now exempt from taxation under the laws of the territory of Oklahoma, shall be exempt from taxation until otherwise provided by law."

Section 5914, Wilson's Rev. Statutes Okla. Ter. 1903, enumerates the classes of property exempt from taxation under territorial law, subdivisions 5 and 6 of which are as follows:

Fifth. "The grounds and buildings of library, scientific, educational, benevolent and religious institutions, colleges or societies, devoted solely to the appropriate objects of these institutions, not exceeding ten acres in extent, and not leased or otherwise used with a view to pecuniary profit."

Sixth. "The books, papers, furniture, scientific or other apparatus pertaining to the above institution and used solely for the purpose above contemplated, and the like property of students in any such institutions used for the purpose of their education."

The foregoing statutes of the territory of Oklahoma were in force at the time said section 6, art 10, of the Constitution with the foregoing proviso was adopted. Under the provisions of the above territorial statutes the class of property involved herein was exempt, or, at least, could have claimed exemption, from taxation, for certainly the purposes, for which the facts in this case show the property in question to be dedicated and used, come within the accepted scope and meaning of the terms "educational," "benevolent," "institutions," "colleges or societies," used in said territorial statute.

Under the foregoing proviso in section 6, art. 10, of the Constitution, all property exempt under the territorial law remained exempt until the state Legislature provided otherwise by law, and the state Legislature has never seen fit to provide otherwise, but in 1909, the first session of the Second Legislature enacted chapter 38, Sess Laws 1909, which was a general revenue bill, the purpose of which was to supersede all previous laws on the subject of revenue and taxation, the 10th and 11th subdivisions of section 2 of art. 1 of same being identical with the foregoing territorial statute. And the provisions of said subdivisions 10 and 11 of the Act of 1909 were brought forward and made subdivisions 10 and 11 of section 7303, Rev. Laws 1910, and were still in force at the time the statute under consideration was enacted in 1919, which is now section 9580 Comp. Stat. 1921.

We are unable to see wherein said section is any more specific or definitive in its exempting features than were the provisions of the territorial statutes, which had remained in force from 1893 to 1919. It would seem from the fact that said Act of 1919 is not an amendatory act and from the absence of any repealing clause to said act, that the Legislature passed said act blissfully unaware of an existing statute which already covered the subject and had been in force for 26 years.

But, be this as it may, it is true that the

class of property involved herein was exempt from taxation under the territorial statutes, or, at least, exemption could have been claimed, at the time the Constitution was adopted, and true that all property exempt from taxation by territorial laws remained exempt until otherwise provided by law, and true that the Legislature of the state has never otherwise provided by law. It will be observed from a reading of said section 6, art. 10, of the Constitution that the constitutional test as to whether certain property comes within the classes exempted by the Constitution is the "use" to which it is put. It is immaterial what name the institution, organization, or society may bear, or who may own the property in question, but it is the use to which the property is dedicated and devoted which constitutes the test as to whether it is exempt. While it is clear that the "use" to which property is dedicated and devoted constitutes the test under the Constitution and needs no support from other decisions or authorities, yet such view is well supported by decisions of other states wherein the same subject, under similar constitutional provisions, has been under consideration and passed upon. Kappa Kappa Gamma v. Pearcy, Co. Treas. (Kan.) 142 Pac. 294; Masonic Home v. Board Com. (Kan.) 106 Pac. 1082; State ex rel. Daggy v. Allen (Ind.) 127 N. E. 145; Yale University v. Town of New Haven (Conn.) 42 Atl. 87; State v. Carleton (Minn.) 191 N. W. 400; Chicago v. University (Ill.) 10 Ann. Cas. 669; Pres. Harvard College v. Assessors of Cambridge (Mass.) 55 N. E. 844; Pomeroy Jur. vol. 3, sec. 1023.

The question of use in all such cases is necessarily a question of fact to be established by the evidence. The purpose and scope of authority of plaintiff in error are set forth in section 2 of its articles of incorporation which is as follows:

"That the purposes for which this corporation is formed are to establish and maintain the Gamma Phi Chapter of Beta Theta Pi at the University of Oklahoma, to promote the moral and social culture and benevolent welfare of the members of the fraternity, and to sell, convey or mortgage and to purchase, hold and improve real estate and personal property for the purpose of this incorporation, and to transact any and all business connected therewith."

Thus it is seen that the purpose of the fraternity is to promote the educational, moral, and social culture and benevolent welfare of the members of the fraternity, and in order to do so it is authorized to acquire and hold property for such purposes.

The testimony in the record is that plaintiff in error uses such property exclusively for educational and charitable purposes. That it maintains library rooms and a library, with senior instructors, free of cost with free board and lodging for freshmen, sophomore, and junior students of the University who are members of the fraternity and unable to pay their expenses through the University; that it maintains a matron of high character and ability whose duty it is and who does maintain a strict supervision over the moral conduct of the members. That it is maintained and its expenses kept up by contributions from its members who are able to contribute and by contributions from graduates who were members of the fraternity during their course in the University. That no profits are derived from such contributions nor from any other source, and no profits are permitted nor allowed to be derived; that if any balance remains from contributions at the close of one term, it is held in trust for the expenses of the succeeding term, and in no event is a profit derived or permitted to be derived.

The evidence as to the purposes for which it is used is not disputed; no contention is made that the evidence fails to bring the property within the uses and purposes required by statute.

The sole question presented is a pure question of law, viz.: Whether the statute under consideration, section 9580, Comp. Stat. 1921, exceeds the constitutional limitations upon legislative power. In view of the territorial law which exempts such property and in view of the proviso in section 6, art. 10, of the Constitution, which expressly exempts all property then exempt under territorial laws until otherwise changed by state laws, and in view of the fact that the state Legislatures have never changed such territorial statutes, we must conclude that under the law and under the evidence in this case, the property in question is exempt from taxation, and being of the opinion that the specific statute under consideration, section 9580, supra, goes no further in the matter of exemption than the territorial statute which was put in force by said proviso of the Constitution, that such statute is valid.

While we are not unmindful of the suggestions and argument that too much property is escaping taxation under this character of laws, that many societies are being

organized and are erecting costly buildings and claiming exemptions under this character of exemption laws, yet such suggestions, arguments, and individual views should receive no consideration by a court when called upon to determine what the law is.

If the law be either oppressive or ineffective, it is the function of the Legislature to remedy it, and where individuals or the public consider the law wrong in policy, oppressive in its effects or ineffective in its provisions, they should make their suggestions to the Legislature and not to the courts.

It is contended herein, in order, we presume, to forestall a strict construction, that constitutional provisions relating to exemption from taxation are more liberally construed when applied to exemptions of property belonging to educational, religious, charitable, benevolent, and scientific institutions, designed for public welfare and devoted exclusively to such purpose, than when applied to exemptions of property belonging to individuals or business enterprises, and while many authorities, among which are Commonwealth of Va. v. Y. M. C. A. (Va.) 50 L. R. A. (N. S.) 1197; Commonwealth v. Gray's Trustee (Ky.) 74 S. W. 702; State v. Fisk University (Tenn.) 10 S. W. 284; Salt Lake Lodge, etc., v. Groesbeck (Utah) 120 Pac. 192; State v. Carleton College (Minn.) 191 N. W. 400; State v. Bishop Seabury Mission (Minn.) 95 N. W. 882, are cited in support of the rule of liberal construction, and while the rule of liberal construction seems to be supported by the weight of authorities, yet our conclusion upon the question of law presented here, is not dependent upon the rule of construction in such cases. We feel that a fair, reasonable, and comprehensive construction of the territorial statutes, in force at the time of the adoption of the Constitution, could lead to no other conclusion than that the class of property involved herein, considering the purpose for which it is used, was exempt from taxation, and inasmuch as the territorial statute has never been changed, in this regard, until changed by substitution by the aforesaid Act of 1919, and inasmuch as such act does not go further in the matter of exemption than did the territorial statutes, bearing in mind the universally recognized rule that every reasonable presumption will be indulged in favor of the constitutionality of statutes, it is our opinion that said Act of 1919, section 9580, Comp. Stat. 1921, is valid.

For these reasons, the judgment of the trial court is reversed, and remanded, with directions to render judgment in favor of plaintiff in error and for costs.

Reversed and remanded, with directions.

All the Justices concur. except BRANSON, J., not participating.