In the Matter of the Application of BOARD OF FOREIGN
MISSIONS OF THE METHODIST EPISCOPAL CHURCH,
Appellant, to THE BOARD OF ASSESSORS OF THE CITY
OF YONKERS, Respondent.   (Six Proceedings.)

Tax — exemption — missionaries — real property owned by
missionary board and used for its purposes exempt from taxa-
tion — exemption lost as to parcels used in part for hire — all
of property not tainted by commercial use of part — separate
parcel used in part to house help does not lose exemption
because help waited upon paying guests in other buildings —
vacant lots acquired for purposes of board and from which no
income is derived also exempt.

1. Real property owned by relator, a church board of foreign
missions, consisting of several contiguous parcels of land forming one
large holding and used for the purpose of providing a home and resting
place for returned missionaries and their families, as well as a place for
conference and meetings in accordance with the purposes and objects
of the board, is exempt from taxation under the provisions of subdivi-
sion 7 of section 4 of the Tax Law (Cons. Laws, ch. 60), but where it
appears that on some occasions relator hired out the advantages of
certain parcels to persons in no way connected with its missionary
undertakings and received an income which it applied to expenses,
such user took from it the right of exemption as to the parcels so
used.

2. Where, however, for purposes of taxation and in these proceedings
to review assessments, the several parcels of land were treated as
separate and distinct, the use of each must be separately considered
and use of some for purposes of hire does not taint all with the vice
of commercialism and deprive them of exemption.

3. A separate parcel and building thereon used exclusively to house
missionaries, their families and some of the help, did not lose its right
to exemption because the help waited upon paying guests in other
portions of the premises.   And vacant lots, acquired by relator for
the purpose of erecting thereon buildings for missionary purposes,
which erection has been temporarily delayed but which is in good
faith contemplated and from which no income has been derived by
relator, are also exempt under the provisions of the statute.

*People ex rel. Bd. of Foreign Missions* v. *Bd. of Assessors,* 207 App.
Div. 151, modified.

(Argued November 16, 1926; decided December 31, 1926.)

APPEAL in each of the above-entitled proceedings from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 16, 1923, which reversed an order of Special Term adjudging property of the petitioner to be exempt from taxation and quashed a writ of certiorari to review an assessment thereon.

*William L. Ransom, William O. Gantz* and *Nathan Ottinger* for appellant.   The two parcels known as Nos. 102 and 168 Park Hill avenue are both vacant lots, purchased in good faith for missionaries' bungalows, for which plans had been prepared and early construction projected.   Owing to excessive post-war building costs, their erection had not been begun, but funds for one bungalow were in hand.   Under the explicit provisions of the statute, these parcels are exempt.   (*Israel* v. *Manhattan R. R. Co.,* 158 N. Y. 624; *Stokes* v. *Stokes,* 198 N. Y. 307; *Whalen* v. *Stuart,* 194 N. Y. 502; *Elterman* v. *Hyman,* 192 N. Y. 117; *Buffalo* v. *Delaware R. R. Co.,* 190 N. Y. 98; *Paige* v. *Schenectady R. R. Co.,* 178 N. Y. 112; *Parsons* v. *Parker,* 159 N. Y. 17.)   If any one or more lots are used exclusively for the specified purpose and any others are not, the former are entitled to exemption and the latter are not; and even on a single lot which is partly used for exempt purposes and partly not, the first part of such lot or building is entitled to exemption and the other is taxable.   (*People* v. *Barton,* 71 N. Y. Supp. 933; *People ex rel. Academy of the Sacred Heart* v. *Commissioners of Taxes,* 6 Hun, 109; 64 N. Y. 656; *People ex rel. Mt. Pleasant Academy* v. *Metzger,* 98 App. Div. 237; *People ex rel. Free Church of St. Mary the Virgin* v. *Feitner,* 63 App. Div. 181; 168 N. Y. 494; *Matter of Mary Immaculate School of Eagle Park,* 188 App. Div. 5; *Matter of Silver Bay Assn. for Christian Conferences and Training* v. *Braisted,* 196 App. Div. 913; *Matter of*

*Syracuse University,* 214 App. Div. 375; *People ex rei. Missionary Sisters* v. *Reilly,* 85 App. Div. 71; 178 N. Y. 609; *People* v. *Lawler,* 74 App. Div. 553; *People ex rel. Blackburn* v. *Barton,* 63 App. Div. 581; *People ex rel. Seminary of Our Lady of Angels* v. *Barber,* 42 Hun, 27; 106 N. Y. 669.)

*Arthur C. Hume, Corporation Counsel (Thomas F. Sullivan* of counsel), for respondent.   The property of the relator, appellant, is not entitled under subdivision 7 of section 4 of the Tax Law to exemption and, therefore, the assessments upon the same are valid and legal. (*Manresa Institute* v. *Town of Norwalk,* 61 Conn. 228; *People ex rel. Delta Kappa Epsilon Society* v. *Lawler,* 74 App. Div. 553.)   Upon the facts of this case, the Tax Law does not grant the relator, appellant, an exemption upon any of the property involved in these proceedings.   (*People ex rel. Young Men's Assn.* v. *Sayles,* 32 App. Div. 197; 157 N. Y. 677; *People ex rel. D. K. E. Society* v. *Lawler,* 74 App. Div. 553; 179 N. Y. 535; *People ex rel. Mizpah Lodge* v. *Burke,* 228 N. Y. 247; *People ex rel. Adelphi College* v. *Wells,* 97 App. Div. 312; 180 N. Y. 534; *Young Women's Christian Assn. of the City of New York* v. *City of New York,* 217 App. Div. 406.)

CRANE, J.   The Board of Foreign Missions of the Methodist Episcopal Church, owning property in the city of Yonkers, was assessed by the board of assessors of that city for the taxes of 1921.   Being a corporation organized exclusively for religious, charitable, benevolent and missionary purposes, it would ordinarily be exempt from taxation under subdivision 7 of section 4 of the Tax Law (Cons. Laws, ch. 60).   The board of assessors taxed the relator for the reason that it had failed to use some or all of its property exclusively for the purposes of its incorporation.   In other words, it had received an income by using a small part of the property for commercial purposes,

The property thus assessed and taxed consisted of six separate and distinct parcels which were taxed as such and treated both by the taxing authorities and in these proceedings to review the assessment, as separate and distinct parcels. This review is of six separate and distinct proceedings, combined in one appeal book and heard as one case merely for convenience. The parcels are known as 176 Park Hill avenue, 168 Park Hill avenue, 26 Lakeside drive, 198 Park Hill avenue, 102 Park Hill avenue and 253 Van Cortlandt Park avenue. There were separate findings and judgments in each proceeding, and separate and distinct orders of reversal in the Appellate Division. We are dealing, therefore, on this appeal with six tax proceedings relating to six distinct assessed parcels of property.

The parcels, although purchased at different times by the relator, were contiguous and formed one large holding or property, parts of which were used in such a way as to take from those parcels the exemption from taxation, as will hereafter appear.

The Board of Foreign Missions of the Methodist Episcopal Church maintains about 1,500 missionaries in the foreign field, arranging that each of them shall spend one year on furlough in the United States in every five years of service. During the time that they are in this country they are maintained at the expense of the Mission Board, attend conferences, and reside temporarily in a common center, available for instruction and consultation regarding the work in the foreign field. They are also furnished with wholesome relaxation and diversion, gaining aid and benefit from association with each other.

The property at Yonkers was used for this purpose of providing a home and resting place for these returned missionaries and their families, as well as a place for conference and meetings, in accordance with the purposes and objects of the Board. If the relator had confined itself to this use, it would have been exempt from taxation

under the provisions, above referred to, of the Tax Law. It went further, and permitted in rather a minor degree, to be sure, the use of a portion of its property by outsiders for hire. The main building, known as Wallace Lodge, 176 Park Hill avenue, is a substantial three and one-half story frame building containing about 100 guest rooms, several large parlors, and a public dining room. During the year 1920 the Lodge accommodated 3,575 persons all of whom were missionaries or religious workers except 317. These 317 were outside visitors paying for their meals and lodging. It also appears that upon one of the parcels there is a garage, and on another a building known as the Club House, containing an assembly hall and bowling alleys with tennis courts adjoining. From these buildings and appurtenances, the relator had also received an income for their use and hire by outside parties in no way connected with its mission.

The courts below were, therefore, right in determining that as to these parcels known as 176 Park Hill avenue, 253 Van Cortlandt Park avenue, 26 Lakeside drive, the relator had made use of them for purposes other than those referred to in section 4 of the Tax Law, affording exemption. It had hired out on some occasions the advantages of these parcels to persons in no way connected with its missionary undertakings and had received an income which it applied to expenses. This user, however, took from it the right of exemption. (*People ex rel. Adelphi College* v. *Wells*, 97 App. Div. 312; affd., 180 N. Y. 534; *People ex rel. Young Men's Association* v. *Sayles*, 32 App. Div. 197; affd., 157 N. Y. 677; *People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245.)

As to these parcels, we affirm the orders of the Appellate Division. As to the other three parcels, we differ with them and must reverse the orders. Number 198 Park Hill avenue, known as the Annex, was purchased July 17, 1918. It consists of a plot of ground of two or three acres on which is a substantial house of 22 to

25 rooms.   It was reserved entirely for missionary families with children.   George M. Fowles testified: " We couldn't take the children into the Lodge proper because of the annoyance they would cause other guests, and the Annex is reserved entirely for missionary families.

" Q. And no one is admitted there except missionaries with their families including children? A. Yes, sir. Some of the help are housed there, but no other guests. * * * Some of them in the upper story."

We think it is drawing the line too fine to hold that this parcel has lost its right to exemption because some of the help, in waiting on some of the outside guests of Wallace Lodge, were housed in the upper part of the Annex.   No income whatever was derived from this parcel from outside sources.   It was used exclusively by the missionaries and their families who had children. Some of the help worked in Wallace Lodge and slept in the Annex.   While working in Wallace Lodge they may have waited upon some of the 317 out of the 3,575 guests. We do not think, however, that this would take from the Annex the exclusiveness of its user for the purposes of the missionaries and of the relator's organization.   When the Appellate Division reversed the findings 14, 15 and 16 of the trial court on the ground that there was no evidence to support them, we think that court was in error. These findings stated that the Annex was used exclusively for the missionaries' families and their children, and the female employees of the corporation without cost to said missionaries; that no income whatsoever was derived from said land or building, and the property was used exclusively for the purposes of the corporation.   The evidence which we have above quoted shows that these findings of the trial judge were supported by the testimony.   In fact what the Appellate Division had in mind was that the Annex as well as all the parcels was connected with Wallace Lodge; that the entertainment of the 317 guests in Wallace Lodge tainted all the parcels with the vice

of commercialism and deprived them of exemption. Considering that these parcels have been treated as separate and distinct parcels, and these proceedings as six separate and distinct proceedings, together with the provisions of subdivision 7, reading: " If a portion only of any lot or building of any such corporation * * * is used exclusively for carrying out thereupon one or more such purposes * * * then such lot or building shall be so exempt only to the extent of the value of the portion so used," we do not think that all of these six parcels should be treated as one lot, but that the use of each must be separately considered. We, therefore, conclude that the Annex, parcel number 198 Park Hill avenue, was exclusively used for the missionary purposes of the relator and was exempt.

Parcel 102 Park Hill avenue and parcel 168 Park Hill avenue were vacant lots as to which the findings of the trial judge, unreversed by the Appellate Division, are as follows. The finding as to both parcels are the same.

" 14. That the said plot was acquired by the relator corporation for the purpose of erecting thereon bungalows or cottages to be used as homes for missionaries temporarily residing in the United States on furlough, without cost to the missionary or profit to the relator corporation.

" 15. That plans for the said bungalows have been prepared; that sufficient money with which to build the first of said bungalows has been donated, and the corporation was ready to proceed with the construction of the same at the date of these hearings.

" 16. That the construction of said bungalows has been temporarily delayed on account of conditions and price levels following the war and consequent high building and labor costs.

" 17. That the construction of said bungalows or cottages is in good faith contemplated by the trustees of the relator corporation.

" 18. That no income whatsoever is now or ever has

been derived by the relator corporation from the said parcel of land designated as No. 102 Park Hill Avenue."

These findings, standing approved by the Appellate Division, would seem to bring these parcels within that portion of the Tax Law which reads:

" The real property of any such corporation  *  *  * entitled to such exemption held by it exclusively for one or more of such purposes and from which no rents, profits or income are derived, shall be so exempt, though not in actual use therefor by reason of the absence of suitable buildings or improvements thereon, if the construction of such buildings or improvements is in progress, or is in good faith contemplated by such corporation."

The orders of the Appellate Division, therefore, in the proceedings relating to parcels 176 Park Hill avenue, 253 Van Cortlandt Park avenue, and 26 Lakeside drive should be affirmed, with costs; the orders in the proceedings relating to No. 198 Park Hill avenue, 102 Park Hill avenue, 168 Park Hill avenue should be reversed, and the orders of the Special Term affirmed, with costs in this court and in the Appellate Division.

McLaughlin, J. (dissenting).   I dissent from so much of the opinion of Judge Crane as holds that parcels Nos. 198, 102 and 168 Park Hill avenue are not liable to assessment for the purposes of taxation.

The six parcels referred to in the prevailing opinion, though purchased at different times, nevertheless were purchased for the purpose of forming one entire plant and were so intended.  The superintendent of Wallace Lodge testified, and his testimony was not contradicted, that he considered the different parcels " all as one parcel," and they obviously are when the object of the purchases and the purposes to which they were to be put are taken into consideration.  The referee considered these six parcels as one, as did also the court at Special Term; the Appellate Division regarded them

4

as one parcel. They, all taken together, are called " Wallace Lodge Property." They are just as much one parcel as is an ordinary summer hotel which is made up of different parcels.

No. 198 Park Hill avenue is the lot on which the Annex stands. It is used at times as an overflow for the Lodge though generally for the families of missionaries with children and for the housing of the servants of the Lodge. Nos. 102 and 168 are used by guests of the Lodge, including outsiders, as recreation grounds.

Either the entire six parcels are exempt from taxation or else none of them is. The fact that they were assessed as separate parcels does not make them so when taking into consideration the use to which they are put. Such division was for the convenience of the assessors only.

The fact that the Lodge contemplates building bungalows on one or both of parcels Nos. 102 and 168 does not change the character of the use to which they are now put. But bungalows, if built on these parcels, would not separate them from the Lodge any more than cottages built upon summer hotel grounds are considered separate from the hotel proper. They are all considered as part of the parcel upon which the hotel stands.

I am of the opinion that the six parcels in question should be considered as one and that they are liable to assessment for the purposes of taxation. The use to which this property as a whole is put does not bring it within the provisions of the statute entitling the relator to an exemption.

Hiscock, Ch. J., and Lehman, J., concur with Crane, J.; Andrews, J., votes for reversal of order in each proceeding; McLaughlin, J., dissents in opinion, from so much of opinion of Crane, J., as directs a reversal of the order of the Appellate Division in the proceedings relating to property on Park Hill avenue, in which Cardozo and Pound, JJ., concur.

Ordered accordingly.