In re ASSESSMENT OF PROPERTY OF ZION EVANGELICAL LUTHERAN CHURCH OF OKLAHOMA CITY. SMITH, County Assessor, v. ZION EVANGELICAL LUTHERAN CHURCH.

No. 33495. Nov. 8, 1949.

*211 P. 2d 534.*

Warren H. Edwards, Co. Atty., and Fred L. Hoyt, Asst. County Atty., both of Oklahoma City, for plaintiff in error.

Monnet, Hayes & Brown, of Oklahoma City, for defendant in error.

GIBSON, J. The question involved in this appeal is whether lots three (3) and four (4) in block two (2), Classen's Highland Parked Addition to Oklahoma City, owned by Zion Evangelical Lutheran Church, hereinafter referred to as appellee, were exempt from taxation for the year 1947.

Appellee contends that the lots in question during that year were used exclusively for religious purposes and therefore exempt from ad valorem taxation for that year under art. 10, sec. 6, of the State Constitution.

The county assessor of Oklahoma county, hereinafter referred to as appellant, contended the contrary and placed the property on the tax rolls for the year 1947. Appellee filed its protest with the board of equalization in due time protesting the listing of said property for taxation, and requested that the property be stricken from the tax rolls. The board of equalization found and determined that the lots in question were taxable for that year and denied appellee's request to have the same stricken from the tax rolls. An appeal was taken by appellee to the district court of Oklahoma county, which court, upon due hearing found and adjudged that the lots in question were exempt from taxation for said year and ordered them stricken from the tax roll.

Appellant has appealed from the order and judgment of the district court and asserts that the order and judgment is not sustained by the evidence and is contrary to law.

The facts are stipulated. It is stipulated and agreed that appellee is a religious organization, organized under the laws of the State of Oklahoma;

that in 1909 it acquired some vacant lots at the corner of Ninth and Walker streets and in a few years thereafter constructed and erected a church building thereon and that it has been conducting religious services in such building ever since. Some time after this building was erected it developed that the building was wholly inadequate to accommodate the congregation regularly attending church services and by reason thereof it was determined in 1942 that the church should acquire additional property on which to erect a new and larger church building.

A campaign was immediately thereafter started to raise funds for the building of a new church and such campaign has continued ever since; that as a result of such campaign there has been accumulated in the building fund between $30,000 and $40,000.

In November, 1942, appellee purchased and acquired the lots above described. The lots are vacant. Within a few months after having acquired the property appellee employed an architect to draft for it a complete set of plans and specifications for the construction of a new church building. The plans and specifications were thereafter drawn by the architect.

The construction of a new building on the lots was, however, not immediately commenced by appellee because of economic conditions brought on by war, but it continued with its campaign for raising additional funds for the building of the church.

Within a short time after the war ended appellee decided to go ahead and construct its new building. It placed on the lots a large sign stating that there would be erected shortly at that location a new church building.

When it was ascertained by surrounding property owners that a new church building was about to be constructed on the lots, Mary Ruth Ferguson, in behalf of herself and others similarly situated, brought an action in the district court of Oklahoma county to enjoin the erection of the building on the ground that the erection of a church building on such lots would be in violation of existing restrictions against the property for such use. A temporary restraining order was granted, but on final hearing the temporary order was dissolved and judgment was entered in that action in favor of appellee herein. Plaintiff in that action appealed from the judgment to this court, and on March 9, 1948, an opinion was rendered affirming the judgment of the lower court. Ferguson v. Zion Evangelical Lutheran Church of Oklahoma City, 200 Okla. 41, 190 P. 2d 1019.

It is further stipulated that St. Luke's Methodist Church, also a religious corporation which has owned a church building on the corner of Eighth and Robinson streets in Oklahoma City, and which it for many years has used for conducting religious services, acquired some vacant lots in block two (2), Classen's Highland Parked Addition to Oklahoma City, lying immediately south of the lots acquired by appellee in said block. The lots were acquired for the purpose of building a new and larger church building thereon; that the building then owned and occupied by St. Luke's also became inadequate to accommodate the congregation regularly assembling for worship. It was afterwards ascertained by St. Luke's that the property thus acquired was not sufficient to satisfy its needs, and, accordingly, a few days before Thanksgiving in 1946, it made a proposition to appellee herein to trade the church building and property owned by St. Luke's on the northeast corner of Eighth and Robinson streets, in Oklahoma City, for appellee's lots and a cash consideration to be paid to it by appellee of $100,000.

In February, 1947, appellee accepted the offer and proposition of St. Luke's and agreed to make the trade, and a written contract to that effect was entered into between the parties in April, 1947.

It is further stipulated and agreed that it was the purpose of St. Luke's in acquiring the lots from appellee to use the same in connection with the other lots acquired to erect thereon a new church building, and it is also stipulated that it would in the near future erect such building at a cost of approximately $1,000,000. It is also stipulated that the lots in question while owned and held by appellee have never been rented by it nor have they ever been used for commercial purposes or for any purpose other than as a building site for a new church building. The above constitutes, in substance, the stipulated facts in the case.

It is clearly shown by these stipulated facts that appellee's purpose in acquiring the lots in question was for the purpose of erecting a new church building thereon; that it in good faith intended within a reasonable time to commence the construction of a new building thereon but was delayed for some time for the reasons stated in the stipulated facts. These facts, in our opinion, clearly shows that the lots were purchased for and devoted solely and exclusively to one of the appropriate purposes of the church, the construction of a new church building thereon which was to be used exclusively for religious purposes and therefore exempt from taxation for the year involved.

In the case of Oklahoma County v. Queen City Lodge No. 197, I. O. O. F., 195 Okla. 131, 156 P. 2d 340, we held:

"Section 6, art. 10, of the State Constitution of Oklahoma exempts from taxation only such property of the institutions therein named as is used for the appropriate purposes of such institutions and does not exempt property merely because the income therefrom or the net income therefrom is used for such purposes. . . .

"By virtue of the Constitution a building and the grounds thereof owned by a nonprofit benevolent institution or corporation and used by such owner for the appropriate purposes and objects thereof is exempt from ad valorem taxation."

In the case of Board of Foreign Missions, etc., v. Board of Assessors, etc., 244 N. Y. 42, 154 N. E. 816, the Court of Appeals of New York held that the land acquired by a church board of foreign missions for the erection of bungalows to house missionaries, for which plans were prepared and money appropriated, but work temporarily delayed, was exempt from taxation under the New York statute which exempts from ad valorem taxation property used exclusively for religious and charitable purposes. In the case of McGlone v. First Baptist Church of Denver, 97 Colo. 427, 50 P. 2d 547, the Supreme Court of Colorado held, as announced in paragraph 4 of the headnotes:

"Land purchased by church for new church building and cleared held within, clearly show that the lots were in constitutional exemption from taxation of 'lots, with the buildings thereon . . . used solely and exclusively for religious worship,' notwithstanding construction of new building had not been started because of business depression, where church retained bona fide continuing intention to construct building for religious purposes on land (C.L. sec. 7198; Const. art. 10, sec. 5)."

In the case of Village of Hibbing v. Commissioner of Taxation, 217 Minn. 528, 14 N. W. 2d 923, 156 A. L. R. 1294, the Supreme Court of Minnesota held:

"Where a corporation or other institution entitled to hold its property exempt from taxation acquires property with the intention of devoting it to a tax-exempt use, the right of exemption carries with it, as an incident, the opportunity to adapt and fit the property for use within a reasonable time in execution of plans or arrangements made for the purpose."

See, also, State v. Second Church of Christ, Scientist, 185 Minn. 242, 240 N. W. 532; and Osteopathic Hospital of Maine, Inc., v. Inhabitants of City of Portland, 139 Me. 24, 26 Atl. 2d 641.

These authorities, in our opinion, sustain the contention of appellee herein that the lots in question were exempt from taxation for the year 1947. Coun-

sel for appellant in their brief, in effect, concede that the lots in question were exempt from taxation for all years they were owned by appellee until the year 1947. The contention is that although during this time appellee had held the lots in question with the intent and purpose of constructing a new church building thereon, it abandoned that intention in November, 1946, when it entered into negotiations with St. Luke's for the purpose of trading the property to it for other property; that since it entered into such negotiations it no longer was holding the property for church purposes but was holding the same for sale and that it was so holding the same on assessment date, January 1, 1947, and was therefore subject to taxation for that year.

This contention of counsel, in our opinion, cannot be sustained. Appellee did not accept the proposal made it by St. Luke's to trade properties until February, 1947, and the transaction was not closed and the contract entered into until some time in April, 1947. It cannot, therefore, be said that on January 1, 1947, appellee had abandoned its plans to construct a new church building on the lots in question.

Judgment affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. O'NEAL, J., dissents.