**IMMANUEL BAPTIST CHURCH, Appellee,**

v.

**Wilson V. GLASS, County Assessor of Tulsa County, Oklahoma, Appellant.**

**No. 44308.**

Supreme Court of Oklahoma.

May 23, 1972.

Best, Sharp, Thomas & Glass, Joseph M. Best, Joseph A. Sharp, Tulsa, for appellee.

S. M. Fallis, Jr., Dist. Atty., Forrest D. Nelson and Andrew B. Allen, Asst. Dist. Attys., Tulsa, for appellant.

JACKSON, Justice.

For the year 1969, the County Assessor of Tulsa County assessed and placed on the tax rolls a certain house and lot which was used as a parsonage by Immanuel Baptist Church, hereinafter referred to as Church. Such house and lot will hereinafter be referred to as parsonage. Church filed its protest with the County Board of Equalization and the protest was denied. Appeal was taken by Church to the District

Court of Tulsa County. The appeal was sustained by the trial court and the County Assessor has appealed to this court.

The issue to be decided is whether the parsonage which was assessed was exempt from taxation. Church has contended at all stages of the proceedings below and in this court that the parsonage was and is exempt from taxation by Article 10, § 6 of the State Constitution.

Evidence introduced on the question of use of the parsonage consisted of a stipulation of the parties as follows:

"1. That the parsonage is used for housing the pastor and members of his family. That the pastor occupying the premises is engaged in full time ministerial work on behalf of the named Church.

"2. That the parsonages are provided to the pastors by the Churches as part of the consideration for the services that the Pastor provides for members of the Congregation.

"3. That the pastors are expected to be and are available at all times to members of the Congregation. That in addition to providing living quarters for the pastor and his family, the parsonage is also used for the following purposes:

(a) Marriage Ceremonies

(b) Women's Missionary Society Group Meetings (which involves pastor's wife)

(c) Education Planning Sessions

(d) Deacons' meetings

(e) Church staff meetings

(f) Church committee meetings

(g) Church fellowship

(h) Pastor's study

(i) Pre-marital counseling

(j) Youth group activities

(k) Church book studies

"4. The parsonage is also used for individual counseling with members of the Congregation usually at night involving personal problems which are not able to be discussed at any other place or time."

Article 10, § 6 provides in pertinent part as follows:

"* * * all property used exclusively for religious and charitable purposes, * * * shall be exempt from taxation * * *."

County Assessor's argument is that the intent of the State Constitutional Convention when it wrote Article 10, § 6 was that parsonages should not be exempt. The minutes of the Convention would be the natural source for ascertaining such intent, but he states that a portion of the minutes of the Convention were destroyed by a fire and that the partial minutes now available to us for review contain no reference to this provision. He then proposes that the intent can be gleaned from the annotations in a book published in 1912 by R. L. Williams, The Constitution and Enabling Act of the State of Oklahoma.

Mr. Williams served in the Convention and later served as Governor of this State and as Chief Justice of this court. County Assessor cites cases from Pennsylvania and one from Kansas which were in Mr. Williams' annotations. Although Mr. Williams did not specifically comment on the Kansas case in his annotations to Article 10, § 6, he did refer to the Pennsylvania Constitution in the following significant statement:

"Note by Ed.—A pastor's home owned by the church organization, and used exclusively for such purposes, seems to come within the exemption of property 'used exclusively for religious and charitable purposes' in this section. The Pennsylvania and Texas provisions being limited by the term 'actually used,' not applicable here."

Although we do not believe the intent of the convention can be extracted from this limited source, it appears that Mr. Williams' inclination is different from that of the County Assessor and is to the effect that a parsonage used exclusively as such is exempt from taxation under our State Constitution.

The Pennsylvania cases are not in point because the Pennsylvania Constitution exempts "actual places of religious worship." This is quite different from and much more restrictive than the language used in our State Constitution.

The Kansas Constitution and the South Dakota Constitution have language identical to ours. The Supreme Court in each of those states has considered the same issue as is presented in this case. The Kansas case of Vail v. Beach, 10 Kan. 214, decided in 1872, and annotated by Mr. Williams, was a case brought by a religious society to enjoin the collection of taxes on a house which had been assessed. It was decided on the very narrow issue of a demurrer to a petition which had alleged that the property was owned by a religious society but used and occupied by the bishop "as a residence and house, and for no other purpose." The trial court sustained the demurrer and on appeal the Kansas Supreme Court affirmed in a very short opinion which cited no authorities and contained no reasoning except to state that "the property is used as any other dwelling." We are not satisfied that we should follow the Kansas case. The motive for the exemption of property used for charitable purposes has been noted by this court in Oklahoma County v. Queen City Lodge No. 197, I.O.O.F., 195 Okl. 131, 156 P.2d 340, 348:

> * * * It [constitutional right to exemption of property from taxation] is based on motives of humanity and mercy and evidences a desire to further charities and benevolences by the tax exemption therein provided. * * * "

The South Dakota case of State ex rel. Eveland v. Erickson, 44 S.D. 63, 182 N.W. 315, decided in 1925, discussed the Kansas case and declined to follow it because the Kansas court had "considered only the immediate use to which the building was put, and not the fundamental or primary purpose because of which the building was provided and put to such use." The South Dakota court in reaching its conclusion that parsonages are exempt from taxation under its constitutional provision accepted a view, quoted as follows:

> "It does not require a resort to the rule of liberal construction to hold that property acquired, owned, and used as is this property, is used exclusively for religious purposes within the meaning of the Constitution and statute. The exemption authorized by the Constitution is not restricted to property used exclusively for public worship, but embraces all property exclusively—that is, primarily —used for religious purposes. A church building for public worship is essential to the successful carrying out of the work of the church, and a pastor or priest is also necessary for efficient work * * * No church, society, or congregation builds a church for other than a religious purpose. A purpose is 'the idea or ideal kept before the mind as an end of effort or action.' The purpose of building churchhouses is to promote the cause of religion, and this requires the services of a pastor or minister. As he is usually a man who devotes all his time to the work of the church and has no income except such as is paid by his congregation, it is customary to provide a place for him to live. Sometimes such provision is made a part of or connected with the church building, and sometimes, as in the case before us, a house is built on a lot adjoining the church lot. But wherever the building in which the pastor is to live is located, it is a part of the plan of the congregation to benefit mankind by preaching and teaching religion. The idea before the mind in furnishing the pastor a house is to make efficient the religious work and purpose of the church. * * * There is nothing in the Constitution or statute which limits church property that may be exempted from taxation to that necessarily used for public worship. The limitation is to property exclusively or primarily provided and used for religious purposes."

The reasoning is sound and expresses the basis for exempting parsonages which we

believe was intended by the framers of our Constitution.

County Assessor in his brief suggests a test for interpreting the phrase "used exclusively for religious purposes." He points out with reference to the amount of time of its use that "the majority of the time it [a parsonage] is used exclusively as the pastor's home and only incidentally for church related functions." The California appeals court held that a proper test, in interpreting language in a statute identical to our Constitution's language, was whether the incidental use of living quarters was reasonably necessary to the religious purposes. In House of Rest, Etc. v. County of Los Angeles, 151 Cal.App.2d 523, 312 P.2d 392, 398 the court stated:

"The test for determining whether the property is used exclusively for religious or charitable purposes is not whether such property is 'essential, indispensible and necessary' for the accomplishment of such purposes, as argued by defendants, but whether the use is 'incidental to and reasonably necessary' for the accomplishment of such purposes."

To say that exclusive use should be related to the "time" it is used rather than to "purpose" for which it is used is to distort the plain meaning of our Constitution. For example, the sanctuary of a church may be used for religious workship for only a few hours a week. The great majority of the time it is not in use at all. No one would argue that such church thereby loses its sanctuary's constitutional exemption. We have held that vacant land which is intended to be used for the construction of a new church building is exempt from taxation under our Constitution. Smith, County Assessor v. Zion Evangelical Lutheran Church, 202 Okl. 174, 211 P. 2d 534.

■■ We are convinced that the proper interpretation of the words "used exclusively" in our constitutional provision is the use to which the property is dedicated and devoted. In the second paragraph of the Syllabus in the case of Beta Theta Pi Corporation v. Board of Comr's of Cleve-

land County, 108 Okl. 78, 234 P. 354, we held:

"Under section 6, art. 10, of the Constitution, the 'use' to which property is in fact dedicated is the test as to whether such property is exempt from taxation and such 'use' is a question of fact, to be determined from the evidence."

Therefore, in order for property to be exempt under this provision it must be dedicated and devoted to religious purposes. When viewed in this light it is plain that a parsonage owned by the church, which houses the pastor who is engaged in full time ministerial work, which is provided to him as part of the compensation for his service, and which serves various religious purposes such as a meeting place for various church groups and as a place for providing religious services such as marriage ceremonies and individual counseling, is property used exclusively for religious purposes and is therefore exempt from taxation.

Affirmed.

BERRY, C. J., DAVISON, V. C. J., and WILLIAMS, IRWIN, LAVENDER, McINERNEY and BARNES, JJ., concur.

HODGES, J., dissents.

HODGES, Justice (dissenting).

Our constitution exempts only that property "used exclusively for religious and charitable purposes." The property sought to be exempt in the present case is a private dwelling residence. Any use of the home for religious purposes as set out in the stipulation is only incidental to the primary purpose for which it has been dedicated. Often times the parsonage is purposely located some distance away from the church premises in order to protect the privacy of the pastor and his family from his official church duties.

A parsonage is a home of the pastor as any other private residence. In my opinion this is not an exclusive use of property for religious purposes within the contemplation of Article 10, Section 6 of the

Oklahoma Constitution. Its primary use is purely nonsectarian.

Exemptions from taxation are not favored in judicial interpretations and are always strictly construed. No exemption should be allowed unless it is clearly expressed and any ambiguity in a constitutional provision or statute should necessarily be resolved in denying an exemption. Oklahoma County v. Queen City Lodge No. 197, I.O.O.F., 195 Okl. 131, 156 P.2d 340.

From the cases cited by R. L. Williams in his book published in 1912, The Constitution and Enabling Act of the State of Oklahoma and the cases cited in Cooley on Taxation, 3rd Ed. at page 352, footnote 1, which was considered the leading authority on taxation in 1907, the prevailing view in other states at the time our constitution was adopted appears to be that a dwelling house owned by a church and used by its pastor as a residence is not exempt from taxation unless the exemption is clearly expressed.

Our constitutional provision does not expressly exempt parsonages and in my opinion this creates an ambiguity which should be resolved in denying the exemption.

I respectfully dissent.