NONPROFIT HOUSING AUTHORITY
A nonprofit housing authority corporation organized pursuant to 18 O.S. 851 [18-851] to 18 O.S. 862 [18-862] (1971), may be exempt, as a "charitable" organization, from an ad valorem taxation if it is factually determined under Article X, Section 6 of the Oklahoma Constitution and Title 68 O.S. 2405 [68-2405] (1971), that the property is used for charitable purposes. The Attorney General's Office has received your opinion request wherein you ask, in effect, the following question: May a nonprofit housing authority corporation organized pursuant to 18 O.S. 851 [18-851] to 18 O.S. 862 [18-862] (1971), be exempt, as a "charitable" organization, from ad valorem taxation? The controlling provisions regarding exemption from ad valorem taxation are found in Article X, Section6 of the Oklahoma Constitution, and 68 O.S. 2405 [68-2405] (1971). Article X, Section 6 provides in pertinent part: "All property used for free public libraries, free museums, public cemeteries, property used exclusively for religious and charitable purposes, . . ., shall be exempt from taxation . . ." Section 68 O.S. 2405 [68-2405] provides in pertinent part: "The following property shall be exempt from taxation: "(h) All property of any charitable institution organized or chartered under the laws of this State, as a nonprofit or charitable institution, provided the net income from such property is used exclusively within this State for charitable purposes and no part of such income inures to the benefit of any private stockholder, and provided further that its facilities are available to any person regardless of his ability to pay." The cases construing these sections, as they pertain to an organization incorporated under Title 18 O.S. 851 [18-851] through 18 O.S. 862 [18-862], which provides that a nonprofit corporation incorporated under this section has the same general corporate capacities that are enumerated under Title 18 O.S. 1.19 [18-1.19] (1971), et seq., which concerns domestic corporations incorporated under the Business Corporation Act, make it clear that the use of property owned by such corporation is the basic test for the determination of whether certain property is subject to ad valorem taxation. In the case of In Re Assessment of Properties of Fite Foundation, 237 P.2d 427 (1951), the Court stated in the first syllabus with respect to tax exempt status of the properties: "The use of property is the basis of tax exemption provided in the Constitution and real estate acquired by nonprofit benevolent corporation, though held for possible future use by such corporation, and dedicated to ultimate use of charitable purposes by such corporation or some other charity or public usage, but not presently so used may be subject to ad valorem tax until it is actually used for such a purpose." As to whether the property herein questioned is used for such purposes, the general rule is that: "Purpose for which property and income therefrom are used determines whether property is taxable and that use is a factual question to be ascertained from the evidence." State v. Oklahoma Beta of Pi Beta Phi Sorority, 176 Okl. 186, 55 P.2d 133 (1936) and Sand Springs Home v. State, 168 Okl. 323, 32 P.2d 928
(1934). It should be noted that the housing authority herein questioned was not organized pursuant to Title 63 O.S. 1051 [63-1051] et seq., known as the Oklahoma Housing Authority Act, which act provides in Section 1066 that: "The property and funds of a housing authority are declared to be used for charitable purposes and to be public property used for essential public and governmental purposes, and such property and the authority are exempt from all taxes, including sales and use taxes and special assessments of the State or any state or local public body. In lieu of taxes on its property an authority shall agree to make such payments to the State or any state or local public body as the governing body of the city or county finds consistent with the maintenance of the low-rent character of housing projects and the achievement of the purposes of this act, provided that not less than 1 1/2 of the annual amount of such payment in lieu of taxes which shall be paid to the school district within which the property of the housing authority is located. The amount of property collected under the provisions of this act shall not be considered as chargeable income to the district receiving such funds. The tax exemption provided by this Section does not apply to any portion of a project used by a profit making enterprise, but in taxing such portions appropriate allowance shall be made for any expenditure by an authority for utilities or other public services which it provides to serve the property. It is clear that the housing authority, herein considered, was not organized pursuant to the above quoted statute and, therefore, cannot take advantage of the tax exempt status of same. Considering the above cited principles governing the exemption from ad valorem taxation, it is clear that the use to which such property is put determines its tax status. It is also clear that such status is an evidentiary question to be answered only after knowledge of all relevant facts, a determination that this office is unable to make. It is, therefore, the opinion of the Attorney General that your question should be answered as follows: A nonprofit housing authority corporation organized pursuant to 18 O.S. 851 [18-851] to 18 O.S. 862 [18-862] (1971), may be exempt, as a "charitable" organization, from ad valorem taxation if it is factually determined under Article X, Section 6 of the Oklahoma Constitution and Title 68 O.S. 2405 [68-2405] (1971), that the property is used for charitable purposes. (Mike D. Martin)