The WILLIAM K. WARREN MEDICAL
RESEARCH CENTER, INC.,
Appellee,

v.

PAYNE COUNTY BOARD
OF EQUALIZATION,
Appellant.

No. 83144.

Court of Appeals of Oklahoma,
Division No. 3.

Nov. 29, 1994.

Rehearing Denied May 30, 1995.

Certiorari Denied Oct. 26, 1995.

R.L. Hert, Hert & Baker, Stillwater, and Paul R. Anderson, Payne County District Attorney, Stillwater, for Appellant.

John Gaberino, Jr., Sue C. Mayhue, Huffman, Arrington, Kihle, Gaberino & Dunn, Tulsa, and Hal Wm. Ellis, Ellis & Morgan, Stillwater, for Appellee.

### OPINION

GARRETT, Vice Chief Judge.

The William K. Warren Medical Research Center, Inc., (Research Center) is a not for profit Oklahoma corporation. Its stated reason for being is to promote the charitable purpose of health care. It owns buildings and improvements in Payne County which it leases to the Warren Clinic (Clinic), another not for profit Oklahoma Corporation.

The Payne County Assessor's Office assessed the property for ad valorem taxation. Research Center applied for an exemption as a charitable institution. The Board of Equalization (Board) denied the application, and Research Center appealed to the District

Court. Both parties filed motions for summary judgment.

The court granted Research Center's motion and denied Board's motion. The court found *inter alia:* the Clinic was a medical clinic and the ultimate use of the clinic was "for the promotion of health as a charitable purpose"; no part of the Clinic's income inured to the benefit of a private stockholder and its facilities were available to any person regardless of his ability to pay; the property owned by Research Center qualified for exemption from ad valorem taxation as property of a charitable institution pursuant to the provisions of 68 O.S.Supp.1990 § 2405 (now renumbered as 68 O.S.Supp.1992 § 2887), which provides:

The following property shall be exempt from taxation:

(h) All property of any charitable institution organized or chartered under the laws of this state as a nonprofit or charitable institution, provided the net income from such property is used exclusively within this state for charitable purposes and no part of such income inures to the benefit of any private stockholder, and provided further that its facilities are available to any person regardless of his ability to pay.

Board appeals and contends Clinic is not used exclusively for charitable purposes, and is not exempt from taxation for the tax years 1991 and 1992.

█ A judgment rendered in proceedings governed by equitable principles will not be reversed unless it is contrary to the clear weight of the evidence or is contrary to law. *County Board of Equalization of Kay County v. Frontier Grain Company,* 454 P.2d 317, 319 (Okl.1969). Whether property is exclusively used for charitable purposes so as to be exempt from taxation is a question of fact. *Southwestern Osteopathic Sanitarium v. Davis,* 115 Okl. 296, 242 P. 1033, 1034 (1926), *Beta Theta Pi Corporation v. Board of County Commissioners of Cleveland County,* 234 P. 354 (Okl.1925).

Art. 10, § 6, Oklahoma Constitution, provides, in pertinent part:

All property used for free public libraries, free museums, public cemeteries, property used exclusively for nonprofit schools and colleges, and all property used exclusively for religious and charitable purposes ... shall be exempt from taxation.

█ We cannot say the trial court's findings are against the clear weight of the evidence. The undisputed facts show that Research Center is a charitable institution. The evidence showed that Research Center and its lessee, Clinic, are non-profit Oklahoma corporations organized "for the promotion of health as a charitable purpose" as stated in the Clinic's Certificate of Incorporation. No income from the clinic inured to the benefit of any private stockholder. Research Center and Clinic are tax-exempt pursuant to Section 501(c)(3) of the Internal Revenue Code of 1986, as amended. Neither Research Center nor Clinic have capital stock. Clinic provides medical treatment to the public without discrimination as to race, color, creed or ability to pay. The trial court found that the property involved was used exclusively for charitable purposes.

The fact that the physicians at the Clinic are paid employees does not disqualify the Research Center from tax exempt status. See, *Baptist Health Care Corp. v. Okmulgee County Board of Equalization,* 750 P.2d 127 (Okl.1988). The employment agreement between Clinic and the physicians permits each doctor to "close his practice to particular groups of patients, such as new patients" but cautions each physician to use care in the selection and dismissal of patients to "assure such action remains consistent with [Clinic's] status, and its charitable purposes as a tax-exempt organization dedicated to the promotion of health in the community."

The judgment being considered is not against the clear weight of the evidence and is not contrary to law.

AFFIRMED.

ADAMS, J., concurs.

HUNTER, J., dissents with separate opinion.

HUNTER, Judge, dissenting:

I dissent from the majority opinion because the evidence does not support Appel-

lee's statement that it provides medical care without discrimination as to ability to pay. The compensation of the physicians, all of whom were in private practice in Payne County before joining Clinic, is based on a percentage of the gross collections for the professional services each renders, plus a percentage of the gross collections for bills for laboratory and x-ray work ordered by each physician. Furthermore, for the two years in question, 1991 and 1992, "charity" work was less than 8% and less than 3% of gross collections.[1] "Charity" included "uncharged charged charity" and "charity written off."[2]

Clearly the "open-door policy" is illusory and the "use" of this institution is for the profit of the physicians. It is certainly permissible for staff of a charitable institution to be salaried. *Baptist Health Care Corp. v. Okmulgee County Bd. of Equalization,* 750 P.2d 127, 129 (Okl.1988). In explaining that Okla. Const. Art. 10, § 6 is further defined by the statute, not inconsistent with it, the *Baptist Health Care* court, at 129, stated:

> Property which produces income for private profit, or which is not available to all regardless of ability to pay, or which itself is income property, cannot be property which is used "exclusively" for religious or charitable purpose. (my emphases).

The real amount of charitable services performed by the clinic doctors is even less than the percentages stated because "charged charity written off" is not charity, just as nonpaying clients to a lawyer are not pro bono clients. The reason for tax exemption for those institutions which perform charity work is that they relieve the government of some of its burden of caring for its vulnerable citizens. With such a small percentage of Research Center's work devoted to charity, it has failed to carry its burden of proving that its use is charitable.[3]

For these reasons, I would reverse the grant of summary judgment in favor of Appellee and remand the matter to the District Court with directions to enter summary judgment in favor of Payne County Board of Equalization.

---

1. Gross Collections for 1991 totaled $2,823,536. Salaries and wages, the first item deducted as operating expenses totaled $2,268,938. Gross Collections for 1992 added up to $3,172,181. Salaries and wages totaled $2,393,528 and were deducted as an operating expense. Appellee's Exhibits K and L.

2. Exhibit "N" to Research Center's Motion for Summary Judgment:

|  | 1991 | 1992 |
|---|---|---|
| Uncharged Charity | 109,200 | 28,061 |
| Charged Charity Written off | 93,443 | 29,019 |
| Medicaid Written Off | 66,908 | 116,137 |
| Medicare Written Off | 98,812 | 88,060 |
| Professional Courtesy | 13,507 | 8,980 |
| Employee Write Off | 27,323 | 33,210 |
| Bad Debt | 50,040 | 34,281 |
| Total | 459,233 | 337,748 |
| Gross Charges | 3,201,759 | 3,660,975 |
| % | 14.3% | 9.2% |

3. If the majority is correct in its analysis, at least the uninsured indigent people of Payne County, including those who are not recipients of government benefits, will have unlimited access to medical care, without ever being charged.